J-S32029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOEL ADCOCK A/K/A JOEL MICHAEL ADCOCK, | |
| Appellant | No. 1894 WDA 2014 |

Appeal from the Judgment of Sentence of October 28, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001197-2014 and
CP-02-CR-0005846-2013

BEFORE:  SHOGAN, OLSON AND MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 24, 2015**

Appellant, Joel Adcock, a/k/a Joel Michael Adcock, appeals from the judgment of sentence entered on October 28, 2014, as made final by the denial of Appellant's post-sentence motion on November 6, 2014.  We affirm.

On August 4, 2014, Appellant pleaded guilty to one count of aggravated assault, two counts of simple assault, and one count of terroristic threats.[1]  During the guilty plea colloquy, the Commonwealth recited the factual basis for Appellant's plea:

> Had the Commonwealth proceeded to trial on [docket number CP-02-CR-0005846-2013,] the Commonwealth

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2701(a)(1), and 2706(a)(1), respectively.

would have called Detective Rich Usner, [] Detective Scott Holzwarth, [] both from the Allegheny County Police Department, as well as [L.S.] and [J.A.], who would have testified that on March 28[,] 2013, the victim, [L.S.], who was 62 at the time, was in her [own] apartment. It should be noted that [Appellant] and his girlfriend lived above the victim, Your Honor.

[L.S.] had her friend, [J.A.], visiting her from California. While [J.A.] was staying with [L.S.], [L.S.] told the police that on the morning of March 27, 2013, she complained to her landlord that the neighbors were making too much noise at odd hours. [L.S.] also told [Appellant's] girlfriend, and the girlfriend had told [L.S.] that she would talk to [Appellant] and everything would be okay.

On the evening of March 27, 2013, [L.S.] would have testified[, she] heard a loud knock on her door, opened the door and that [Appellant] came in and grabbed her by the throat, choked her and pulled her hair out, telling her that he was angry and was going to kill her for telling on him.

[J.A.] would have testified that she tried to help her friend and was struck several times and fell to the floor by [Appellant]. [J.A.] was able to call 911 for help, and the police did arrive, but [Appellant] was gone at that time. [L.S.] was treated at UPMC Mercy Hospital, which she did suffer significant injuries, which we would have provided the hospital records from Mercy Hospital.

. . .

As to [docket number CP-02-CR-0001197-2014,] we would again have called Detective Holzwarth and Detective Usner from the Allegheny Police Department as well as Officer Price and Officer Kidder from the McKees Rocks [P]olice [D]epartment and [V.L.], who would have testified that on January 10[, 2014, Appellant] was staying with [V.L.] while he was on electronic monitoring awaiting his cases on the [CP-02-CR-0005846-2013] case. They had been longtime friends.

While [Appellant] was staying with [V.L.], he was angered by one of her three children that had shot him with a toy

- 2 -

dart. He became angry and screamed at her child. When [V.L.] confronted [Appellant] about yelling at her child, she told police he became enraged, yelled[ "d]on't talk to me like that," picked her up, choked her and threw her down on a wooden floor in the dining room.

[V.L.] then was able to call 911, and [Appellant] left during this time. [V.L.] would have testified that she did get medical treatment and did suffer minor injuries.

N.T. Guilty Plea, 8/4/14, at 5-7 and 8-9.

Following Appellant's guilty plea, the Commonwealth provided Appellant with notice that, in accordance with 42 Pa.C.S.A. § 9717, it intended to seek the mandatory minimum sentence of two years' total confinement for Appellant's aggravated assault conviction, as the victim of the crime was more than 60 years of age (and Appellant was under 60 years of age) at the time of the offense. Commonwealth's Notice, 8/4/14, at 1; **see also** 42 Pa.C.S.A. § 9717(a). In relevant part, Section 9717 declares:

> **§ 9717. Sentences for offenses against elderly persons**
>
> **(a) Mandatory sentence.--**A person under 60 years of age convicted of the following offenses when the victim is over 60 years of age and not a police officer shall be sentenced to a mandatory term of imprisonment as follows:
>
>> 18 Pa.C.S.A. § 2702(a)(1) and (4) (relating to aggravated assault)--not less than two years.
>
>> . . .
>
> **(b) Eligibility for parole.--**Parole shall not be granted until the minimum term of imprisonment has been served.

42 Pa.C.S.A. § 9717.

Appellant proceeded to sentencing on October 28, 2014 and, during the sentencing hearing, the Commonwealth requested that the trial court impose the two-year mandatory minimum sentence, pursuant to Section 9717. *See* N.T. Sentencing, 10/28/14, at 17-18. However, during the sentencing hearing, the trial court provided absolutely no indication that it felt itself bound by the Commonwealth's mandatory minimum request or even that it took the statutory mandatory minimum sentencing term into account as a factor in sentencing Appellant. Rather, during the hearing, the trial court orally noted that the standard sentencing range for Appellant's aggravated assault conviction was 48 to 66 months in prison. N.T. Sentencing, 10/28/14, at 3. The trial court then considered the sentencing factors on the record and, after doing so, the trial court imposed upon Appellant a standard-range sentence of five to ten years in prison for the aggravated assault conviction.[2] Specifically, the trial court stated on the record at sentencing:

> The court notes the presentence report has detailed [Appellant's] criminal history. He has a prior record score of [two] out of four misdemeanor convictions. There are summaries in his criminal activity – criminal history in the presentence report.

---

[2] For Appellant's two simple assault convictions and one terroristic threats conviction, the trial court sentenced Appellant to serve three consecutive terms of six to 12 months in prison, with the terms running consecutively to the aggravated assault sentence. Thus, the trial court sentenced Appellant to serve an aggregate term of six-and-a-half to 13 years in prison for the four convictions.

- 4 -

[The assistant district attorney] referenced [an earlier] assault [Appellant committed] in 2007. It was eerily similar to what occurred on this date where [Appellant] attacked his girlfriend, grabbed her by the hair and threw her to the floor and kicked her in the face and the back after the victim had talked to her mother about [Appellant's] treatment of her. But, in any event, not exactly on all four squares but, again, possessing similarities to the attack that occurred here.

. . .

[T]he court undertakes, consistent with Title 42, a review and consideration of [Appellant's] background, which is not necessarily a pleasant one and is detailed in the presentence report, referred to in his letter to the court; also the court made note of it in terms of him being abused as a child and subject to an environment filled with alcohol and physical assault.

This court also notes his mental health diagnosis and some necessity for treatment within the health system, whether that's in a state penitentiary or at some point in time when he's released. The court again is taking those factors into consideration, his statement of remorse and accountability, incorporated by [Appellant's attorney] today, expressed by him in his letter.

The court is taking into account the statements made by [the assistant district attorney] on behalf of the two victims who are not here. The court notes that the second assault – that is, the assault on [V.L.] – was one that occurred after he was arrested and charged with the assaults on [L.S.] and [J.A.]. In fact, taking him into the home with [V.L.], he betrayed her confidence and trust in him.

The court notes the long-standing significant injuries to [L.S.], detailed in the presentence report, repeated by her today; and, of course, the psychological and emotional impact of an unprovoked attack in which she could not defend herself by virtue of her lack of physical prowess as well as the surprise of that attack, similar in nature to [J.A.] and [V.L.].

The court is struck by the similarity of the 2007 attack in which [Appellant] was sentenced and had ample opportunity, at a minimum, to reflect upon that and change his behavior on his own volition or resources of the court system or the community. He never did that. In fact, [it has] repeated itself and almost resulted in the death of [L.S.] in this case in March of 2013.

The court again is taking into account the rehabilitative needs of [Appellant], his history. The court also notes a statutory obligation as to the impact of the crime on the victims, the danger he may present to the community and protection of the community. The court must place great weight on the protection [of] the community and the danger that he presents to the community.

Again, I've considered all factors in this matter, but in this regard, the court believes that he is a danger to the community and especially women in the community who he has contact with, whether under the influence of alcohol or not.

Consequently, the court will sentence him as follows: at the aggravated assault as to [L.S.], he will be sentenced to a period of incarceration of [five to ten] years. At the count of simple assault as to [J.A.], he'll be sentenced to a consecutive period of incarceration of [six] to 12 months. At the count of terroristic threats, he'll be sentenced to a consecutive period of incarceration of [six] to 12 months. The aggregate sentence at that information, thus, is [six] to 12 years.

At the count of simple assault as to [V.L.], he'll be sentenced to a period of incarceration of [six] to 12 months which will run consecutive to the period of incarceration imposed at the earlier information. Thus, the aggregate sentence on both informations is [six-and-a-half] to 13 years.

N.T. Sentencing, 10/28/14, at 18-23 (some internal capitalization omitted).

On November 6, 2014, the trial court denied Appellant's timely post-sentence motion to withdraw his guilty plea and, on November 18, 2014, Appellant filed a timely notice of appeal. Appellant raises one claim on appeal:

> Whether [Appellant's] sentence is illegal where – in violation of his right to jury trial under Article I, Section 9 of the Pennsylvania Constitution and/or the Sixth and Fourteenth Amendments to the United States Constitution – the mandatory minimum sentence provision of 42 [Pa.C.S.A.] § 9717 was applied at Count 2 at CP-02-CR-0005846-2013 irrespective of any stipulation to a factual predicate triggering application of said provision?

Appellant's Brief at 4.

Stated another way, Appellant claims that the trial court sentenced him to the mandatory minimum term of two years in prison for aggravated assault, pursuant to the mandatory minimum sentencing statute at 42 Pa.C.S.A. § 9717. Appellant claims that his sentence for aggravated assault is thus illegal, in accordance with the United States Supreme Court's opinion in **Alleyne v. United States**, ___ U.S. ___, ___ 133 S.Ct. 2151 (2013). Appellant's claim fails, as the trial court clearly did not sentence Appellant under Section 9717. Therefore, since Section 9717 is inapplicable to Appellant's case, Appellant's claim cannot succeed.

"Legality of sentence questions are not waivable and may be raised *sua sponte* by this Court." **Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*). Further, "[i]ssues relating to the legality of a sentence are questions of law. Our standard of review over such questions

is *de novo* and our scope of review is plenary." ***Commonwealth v. Ali***, 112 A.3d 1210, 1225 (Pa. Super. 2015) (internal corrections omitted).

In ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), the United States Supreme Court held: "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." ***Apprendi***, 530 U.S. at 489. Further, in ***Alleyne***, the United States Supreme Court expanded "***Apprendi's*** basic jury-determination rule to mandatory minimum sentences." ***Alleyne***, ____ U.S. at ____, 133 S.Ct. at 2167 (Breyer, J., concurring). Specifically, the ***Alleyne*** Court held that, where an "aggravating fact" increases a mandatory minimum sentence, "the fact is an element of a distinct and aggravated crime. [The fact] must, therefore, be submitted to the jury and found beyond a reasonable doubt." ***Alleyne***, 133 S.Ct. at 2162-2163.

Therefore, under ***Alleyne***, Pennsylvania's mandatory minimum sentencing statutes were generally rendered unconstitutional insofar as the statutes provided that: the "aggravating facts" contained in the statutes were not elements of the crime; notice of either the "aggravating facts" or of the applicability of the mandatory minimum sentencing statute was not required prior to conviction; the applicability of the mandatory minimum statute was to be determined at sentencing; the Commonwealth need only prove the "aggravating facts" by a preponderance of the evidence; a judge – and not a jury – was to act as the fact-finder for purposes of determining the

"aggravated facts;" and, if the "sentencing court refuses to apply [the mandatory minimum sentence] where applicable, the Commonwealth shall have the right to appellate review of the actions of the sentencing court." **See**, **e.g.**, 18 Pa.C.S.A. § 7508(b) and (d).[3]

In the case at bar, however, the trial court **did not** sentence Appellant to the mandatory minimum sentence contained in 42 Pa.C.S.A. § 9717. Certainly, as has been noted above, the trial court did not reference the mandatory minimum statute once during the sentencing hearing and the trial court did not declare that it believed it was required to sentence Appellant to a mandatory minimum term.[4] Instead, during the hearing, the

_____

[3] We note that 42 Pa.C.S.A. § 9717 is written differently than the mandatory minimum sentencing statutes that this Court construed and held unconstitutional in cases such as **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014), and **Commonwealth v. Wolfe**, 106 A.3d 800 (Pa. Super. 2014) and that our Supreme Court interpreted and held unconstitutional in **Commonwealth v. Hopkins**, ___ A.3d ___, 98 MAP 2013 (Pa. 2015). Specifically, Section 9717 does not contain any provision explicitly declaring that: the "aggravating facts" contained in the statutes were not elements of the crime; notice of either the "aggravating facts" or of the applicability of the mandatory minimum sentencing statute was not required prior to conviction; the applicability of the mandatory minimum statute was to be determined at sentencing; the Commonwealth need only prove the "aggravating facts" by a preponderance of the evidence; a judge – and not a jury – was to act as the fact-finder for purposes of determining the "aggravated facts;" and, if the "sentencing court refuses to apply [the mandatory minimum sentence] where applicable, the Commonwealth shall have the right to appellate review of the actions of the sentencing court." **See**, **e.g.**, 18 Pa.C.S.A. § 7508(b) and (d).

[4] Appellant's sentencing hearing took place on October 28, 2014 – over one month after this Court decided **Commonwealth v. Newman**, 99 A.3d 86 *(Footnote Continued Next Page)*

trial court orally summarized the totality of facts that led it to sentence Appellant to a standard-range term of five to ten years in prison. Further, we observe that: the trial court's written sentencing order does not declare that it imposed a mandatory minimum sentence; the written sentencing guideline form declares that the trial court imposed a "standard range" sentence and, in the box where the court is required to specify the defendant's "mandatory minimum" sentence, the court left the box blank (thus indicating that the trial court did not impose a mandatory minimum sentence); and, Appellant **did not** receive a mandatory minimum sentence. Sentencing Order, 10/28/14, at 1; Sentencing Guideline Form, 10/28/14, at 1; Court Commitment, 11/4/14, at 1. Moreover, within the trial court's opinion to this Court, the trial court specifically stated that the mandatory minimum sentencing term contained in Section 9717 was not considered even as a

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

(Pa. Super. 2014) (_en banc_) (filed August 20, 2014). In **Newman**, an _en banc_ panel of this Court considered the mandatory minimum sentencing statute at 42 Pa.C.S.A. § 9712.1 and held that the unconstitutional portions of the statute were not severable from the remainder of the statute. Therefore, **Newman** held that Section 9712.1 was unconstitutional in its entirety. We note that, given our holding in **Newman**, the trial court might have refused to apply 42 Pa.C.S.A. § 9717 because it believed that the statute was also unconstitutional in its entirety. However, as a result of our current holding, we express no opinion on the constitutionality of Section 9717.

**sentencing factor** when the trial court constructed Appellant's sentence.[5]

Trial Court Opinion, 3/5/15, at 10. As the trial court explained:

> The trial court considered the sentencing guidelines, the presentence report, a letter from Appellant detailing remorse and accountability for his actions, Appellant's childhood, Appellant's mental health diagnosis and necessity for treatment, testimony from the victim, photographs of the victim taken at the emergency room immediately following the assault, the victim's inability to defend herself against the unprovoked attack, the victim's long-standing significant injuries, the similarities to an attack by Appellant against his girlfriend in 2007, and Appellant's failure to rehabilitate himself after being sentenced on the 2007 assault. After reviewing these factors, the trial court imposed a sentence of five to ten years because "the court believes that he is a danger to the community and especially women in the community who he was contact with, whether under the influence of alcohol or not."

Trial Court Opinion, 3/5/15, at 12 (some internal capitalization omitted).

Finally, in **Commonwealth v. Zeigler**, this Court explicitly held that – where a mandatory minimum sentencing statute exists for a crime, but where the sentencing court **exceeds** the mandatory minimum term by

---

[5] We note that, even if the trial court viewed Section 9717 as a sentencing **factor** (which it did not), Appellant's sentence would still not be illegal. Indeed, had the trial court viewed Section 9717 as a sentencing factor, the application would merely implicate the **discretionary aspects** of Appellant's sentence. **See Commonwealth v. Rhodes**, 990 A.2d 732, 744 (Pa. Super. 2009) (holding: a claim that the trial court relied upon impermissible factors at sentencing is a challenge to the discretionary aspects of a sentence). However, Appellant has not raised a discretionary aspects of sentencing claim on appeal. As such, even if the trial court relied upon Section 9717 as a sentencing factor in this case, Appellant's current claim on appeal (wherein Appellant claims only that his sentence is illegal) would still fail.

applying a standard guideline range sentence – the trial court **has not** "sentence[d] the defendant based on the mandatory statute, and [the defendant's] sentence is not illegal on that ground." ***Commonwealth v. Zeigler***, 112 A.3d 656, 662 (Pa. Super. 2015). Specifically, in ***Zeigler***, we held:

> we are aware that a mandatory minimum statute exists for [the defendant's] aggravated assault crime since he admitted to visibly possessing a firearm during its commission. 42 Pa.C.S.A. § 9712. Based on decisions from this Court, imposing such a mandatory is illegal. **However, the sentencing court exceeded the mandatory minimum sentence when it applied the standard guideline range sentence where a deadly weapon was used. Hence, the court did not sentence the defendant based on the mandatory statute, and his sentence is not illegal on that ground.**

***Id.*** (emphasis added).

Therefore, since the trial court did not impose a mandatory minimum sentence in this case, Appellant's claim that his sentence is illegal is baseless. The claim thus fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2015

- 12 -