J-S67013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROY M. HOGAN, | |
| Appellant | No. 847 MDA 2015 |

Appeal from the Judgment of Sentence January 30, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005616-2012

BEFORE:  BOWES, PANELLA, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 22, 2016**

Roy M. Hogan appeals *nunc pro tunc* from the January 30, 2014 judgment of sentence of five to ten years imprisonment.  Appellant's crimes implicated application of a mandatory minimum sentence that has been declared unconstitutional.  Nevertheless, since the mandatory minimum sentence applicable herein did not affect the sentence actually imposed, we affirm.

On January 30, 2014, a jury found Appellant guilty of various drug-related offenses based upon the following proof.  Criminal Investigator Jose Martinez testified that he was employed by the Berks County Police Department in an undercover police capacity.  His duties were to "go out in the street" and "meet potential targets that are dealing drugs and purchase

_____
* Retired Senior Judge assigned to the Superior Court.

drugs from these individuals." N.T. Trial, 1/29-30/14, at 47. On August 23, 2012, he was working in that capacity when another Criminal Investigator, Darren Smith, gave him Appellant's picture. Investigator Smith, through the use of a confidential informant ("CI"), had already arranged for Investigator Martinez to purchase drugs at 133 South 6th Street, Reading. Investigator Martinez and the CI traveled to the noted location.

Investigator Martinez and the CI entered the first floor hallway and encountered Appellant and Jose Torres-Perez. Speaking Spanish, Investigator Martinez asked Torres-Perez for two packages of drugs and handed him $20 in prerecorded money. Torres-Perez took the cash and told Appellant in English that Investigator Martinez wanted two packages. Torres-Perez gave Appellant the money, and Appellant gave Torres-Perez two clear plastic baggies containing crack cocaine, which Torres-Perez transferred to Investigator Martinez. The transaction was videotaped and that tape was shown to the jury with the image of the CI blurred so that he could not be identified.

Investigator Smith testified that his department began an investigation of drug activity at 133 South 6th Street. He contacted the CI, who indicated that he would be able to arrange to buy drugs from Appellant at that location. Investigator Smith then contacted Investigator Martinez to travel with the CI to purchase the drugs and videotape the transaction. Investigator Smith also testified that 133 South 6th Street was near two

schools. Berks County Detective Nicholas Bolognese told the jury that he measured the distance between 133 South 6th Street and the schools using special equipment and that the point of sale for the drugs was within 1,000 feet of both establishments.

The jury was specifically instructed to make a determination of whether 133 South 6th Street was within 1,000 feet of a school for purposes of application of 18 Pa.C.S. § 6317(a), which provides, in pertinent part, that a person convicted of possession of a controlled substance with intent to deliver ("PWID") or delivery of a controlled substance must be sentenced to a mandatory minimum term of imprisonment of two years if the crime occurred within 1,000 feet of a public, private, or parochial school.

On January 30, 2014, the jury found Appellant guilty of delivery of a controlled substance within 1,000 feet of a school, conspiracy to deliver a controlled substance, PWID within 1,000 of a school, conspiracy to commit PWID, possession of a controlled substance, and conspiracy to commit possession of a controlled substance. Appellant was sentenced that same day to five to ten years imprisonment. While the sentencing hearing was not transcribed, the trial court, the Commonwealth, and Appellant agree that 18 Pa.C.S. § 6317(a) was applicable herein.

There are two documents of record pertinent to sentencing. The first is a guideline sentencing from prepared for the PWID offenses. That form indicates that there was a mandatory minimum applicable to the crime and

- 3 -

that Appellant was a repeat felony offender and the offense gravity score was six. Thus, as the form clearly delineates, the guidelines called for a sentence that was at least the mandatory minimum, with a standard range sentence of twenty-seven to forty months, a mitigated range sentence of twenty-four months, and an aggravated range sentence of forty-six months. The Clerk of Courts of Berks County prepared a court commitment form that indicates the following. Appellant was sentenced on January 30, 2014, to five to ten years imprisonment for the PWID and probation on the conspiracy to commit PWID. The sentencing court determined that the remaining four offenses merged for sentencing purposes.

Appellant did not file a direct appeal, but, on December 8, 2014, he filed a timely *pro se* PCRA petition. Counsel was appointed and filed an amended petition, averring, *inter alia*, that Appellant was entitled to reinstatement of his direct appeal rights given that he asked trial counsel to file a direct appeal and counsel failed to do so. On April 13, 2015, Appellant's direct appeal rights were reinstated, and this appeal followed. Appellant raises this issue on appeal, "Did the trial court improperly impose a sentence that was excessive, unlawful and/or contrary to **Alleyne v. United States**, 133 S.Ct. 2151 (2013)?" Appellant's brief at 4. We note that the trial court, in its Pa.R.A.P. 1925(b) opinion, concluded that the sentence was illegal and that this case "should be remanded to this Court for resentencing consistent with **Alleyne**." Trial Court Opinion, 6/25/15, at 3.

Initially, we note that issues pertaining to imposition of a mandatory minimum sentence relate to the legality of sentence and cannot be waived. *Commonwealth v. Hawkins*, 45 A.3d 1123 (Pa.Super. 2012). "Our standard of review over such questions is *de novo* and our scope of review is plenary." *Id*. at 1130. In *Alleyne*, the United States Supreme Court held that any fact, other than a prior conviction, that triggers a mandatory minimum sentence must be proven beyond a reasonable doubt before the factfinder. Pursuant to this decision, many of Pennsylvania's mandatory minimum sentencing statutes are infirm. *See*, *e.g.*, *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*); *Commonwealth v. Wolfe*, 106 A.3d 800 (Pa.Super. 2014), *appeal granted*, 121 A.3d 433 (Pa. 2015).

Most significantly, if a mandatory minimum statute outlines that its application shall be determined at sentencing by a sentencing court, then it is void in its entirety and a defendant cannot be sentenced pursuant to that statute. Section 6317 provides,

> The provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine by a preponderance of the evidence if this section is applicable.

18 Pa.C.S. § 6317(b).

In **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015), our Supreme Court held that § 6317 was void in its entirety and could not be severed so as to permit a jury to determine whether a drug sale or PWID occurred within 1,000 feet of a school. **See also Commonwealth v. Valentine**, 101 A.3d 801 (Pa.Super. 2014) (striking down entire statute providing that facts necessary for application of mandatory minimum sentence found by sentencing court by a preponderance of the evidence and ruling that use of a special interrogatory on the verdict slip did not cure unconstitutionality of sentence even though jury found facts necessary for application of mandatory minimum beyond a reasonable doubt).

The Commonwealth counters that Appellant is not entitled to relief in that he was sentenced to five to ten years imprisonment and cannot prove that his sentence was affected by imposition of the two-year mandatory minimum sentence.

We agree with this position. The record establishes that Appellant's sentence did not result from application of the mandatory minimum, which was only two years. Rather, Appellant was sentenced above the mandatory minimum as well as in excess of the guidelines ranges, perhaps due to his status as repeat felony offender, to the statutory maximum for PWID. Since Appellant was not sentenced based on the mandatory statute, his sentence

is not illegal. ***Commonwealth v. Zeigler***, 112 A.3d 656, 662 (Pa.Super. 2015).[1]

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2016

---

[1] Appellant relies solely upon ***Alleyne*** *and* ***Hopkins***, leveling no objection to the fact that it exceeded the recommended guideline ranges.