J-S21040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYRONE CHAMBERLAIN, | |
| Appellant | No. 561 EDA 2015 |

Appeal from the Judgment of Sentence January 13, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002370-2014

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED FEBRUARY 23, 2016**

Appellant Tyrone Chamberlain appeals the judgment of sentence entered by the Honorable Giovanni Campbell on January 13, 2015, in the Court of Common Pleas of Philadelphia County.  Following our review of the record, we affirm.

The relevant facts and procedural history are as follows:  Officer James Craig was patrolling the Philadelphia Housing Authority in the area of 1516 Judson Way with his partner Officer Matthew Smyth at approximately 8:15 p.m. on December 6, 2013.   Officer Craig had patrolled that area frequently throughout the prior eighteen months during which time he recovered firearms approximately eight times.  Officers specifically targeted the 7th, 9th, 16th, and 18th floors of the Judson Building as they were known for drug sales, and Officer Craig had made narcotics arrests and recovered drugs from those floors in the past. N.T., 11/7/14, at 5-8.

*Former Justice specially assigned to the Superior Court.

On December 6, 2013, Officers Craig and Smyth entered the Judson Building and proceeded to opposite ends of the 7th floor where they observed Appellant standing in the hallway. As Appellant turned his body away from Officer Craig, the latter noticed a black and silver semi-automatic firearm protruding from the right side of Appellant's waistband. *Id*. at 12, 20. Officer Craig ordered Appellant to stop and put his hands on the wall. Appellant complied, but when Officer Craig approached him, Appellant quickly turned back towards the officer, pushed him and ran south down the hallway toward Officer Smyth who was near an elevator. *Id*. at 14-15, 20-21. As he did so, Appellant pulled the firearm from his waistband. Officers took him to the ground and handcuffed him which caused the gun to fall to the floor and slide a few feet toward the elevator. *Id*. at 15, 17, 21. The parties stipulated that the gun was loaded and operable. *Id*. at 26-27. Other individuals were in the vicinity at the time of the scuffle. *Id*. at 16-17.

Following a non-jury trial, Appellant was convicted of one count of Carrying firearms on public streets or public property in Philadelphia, 18 Pa.C.S.A. § 6108. At the sentencing hearing held on January 13, 2015, the parties agreed that the offense gravity score was five and the prior record score was two; thus, a guideline-range sentence was three to fourteen months, plus or minus three months, and a maximum sentence was two and one-half to five years in prison. N.T., 1/13/15, at 10. The Commonwealth also indicated that Appellant previously had been on probation due to a 2008

juvenile adjudication for possession of controlled substances with intent to deliver, and he also had a prior juvenile adjudication for possession of controlled substances in 2010. *Id*. at 6, 8, 9. At the time of the instant offense, Appellant had been on bail as an adult for a 2011 arrest for possession of a firearm and possession of controlled substances with intent to deliver. *Id*. at 8-9. The Commonwealth recommended that the trial court impose a sentence of two years to four years of incarceration to be followed by one year of probation.

Defense counsel urged the trial court to consider the fact that Appellant had not challenged the officers' observations and agreed to a waiver trial. *Id*. at 7. Counsel also indicated Appellant had had a difficult childhood but presently had familial support and a daughter; he had lost an infant child when he was eighteen years old. *Id*. at 6. While counsel acknowledged Appellant had been in trouble with the law in the past, he stated Appellant is demonstrated he is able to comply with the law. *Id*. at 6-7. Appellant then expressed his remorse for his actions to the trial court. *Id*. at 14.

In imposing a sentence of two and one-half years to five years in prison, the trial court stated it had considered the arguments of the parties, the Presentence Investigation Report ("PSI"), the Sentencing Guidelines, and Appellant's allocution after which it explained its reasons for sentencing Appellant as follows:

> I find that [Appellant] while visibly displaying the gun was defiant of authority by running through the police officer after he was seen. I find the circumstances of [Appellant's] arrest disturbing. Not only in that respect, but in the fact that he's walking around the hallways of the projects with a gun visibly displayed.
>
> I also find as an aggravator that at that time, he was on bail for another case and he had a prior gun case. I do agree with the Commonwealth that this show [sic] a persistence and defiance of authority. That should be noted.
>
> I recognize that there are witnesses in the courtroom to support him.
>
> And the sentence will be two and a half to five years['] incarceration, credit for time served. While on supervision, he'll be subject to random urinalysis, anger management classes, job training. He's to be actively seeking employment or be verifiably employed. And he's to enroll in an educational program. That's it.

*Id*. at 15.

On January 23, 2015, Appellant filed his Post-Sentence Motion for Reconsideration of Sentence, and he filed an Amended Post-Sentence Motion for Reconsideration of Sentence on February 4, 2015. Therein, Appellant argued that in imposing a maximum sentence as allowed by law and one that was nearly twice the aggravated range sentence, the court failed to properly weigh mitigating factors or take into account Appellant's rehabilitative needs. Following a hearing, the trial court denied the Motions on February 6, 2015, and the instant timely appeal followed.

On March 11, 2015, the trial court ordered Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed the same on April 1, 2015. On July 20, 2015, the trial court filed its Memorandum Opinion.

- 4 -

On appeal, Appellant raises the following question for our review:

> Did not the trial court err and abuse its discretion in imposing a statutory maximum sentence that was manifestly excessive and unreasonable in that: it was nearly twice the upper limit of the aggravated range of the sentencing guidelines; it exceeded the Commonwealth's recommended sentence; and it was disproportionately based on the gravity of the offense, which the court improperly assessed by relying on factors that are not atypical in firearms cases, and also by relying on "facts" not established at trial or sentencing?

Brief for Appellant at 3.

This issue presents a challenge to the discretionary aspects of Appellant's sentence, and one's right to appeal the discretionary aspects of his sentence is not absolute. **See Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa.Super. 2004), *appeal denied,* 860 A.2d 122 (Pa. 2004). To reach the merits of a discretionary issue, this Court must determine:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Commonwealth v. Dunphy**, 20 A.3d 1215, 1220 (Pa.Super. 2011) (footnotes and citation omitted).

Herein, Appellant filed a notice of appeal, preserved the issue in a post-sentence motion, and included the requisite Statement of Reasons for Allowance of Appeal from Discretionary Aspects of Sentence pursuant to Rule 2119(f) in his appellate brief. Brief for Appellant at 7-10. Therefore,

he is in technical compliance with the requirements to challenge the discretionary aspects of his sentence, and we may proceed to determine whether he has presented a substantial question that his sentence is not appropriate under the Sentencing Code. ***Commonwealth v. Edwards***, 71 A.3d 323, 330 (Pa.Super. 2013), *appeal denied,* 81 A.3d 75 (Pa. 2013).

In considering whether Appellant's issue presents a substantial question, we are guided by the following:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exits only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Id.*** at 330 (citations and quotation marks omitted).

Appellant claims that his sentence, which exceeded the Commonwealth's recommended sentence and the aggravated range of the sentencing guidleines, was unreasonable and manifestly excessive because the sentencing court did not consider mitigating factors, misrepresented the evidence and failed to provide adequate reasons on the record for imposing a statutory maximum sentence. Brief for Appellant at 12-20. We note that a bald claim of an excessive sentence does not generally raise a substantial question. ***See Commonwealth v. Dodge***, 77 A.3d 1263, 1269 (Pa.Super. 2013) (*en banc*), *appeal denied,* 91 A.3d 161 (Pa. 2014). However, this Court has held that a claim of excessiveness in conjunction with a claim that

the sentencing court did not consider mitigating factors presents a substantial question. *See Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa.Super. 2015) (citing *Dodge*, *supra* at 1272); *see also Commonwealth v. Zeigler*, 112 A.3d 656, 662 (Pa.Super. 2015). We will therefore address the merits of Appellant's claim and in doing so note that:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Gonzalez*, *supra*, 109 A.3d at 731 (citation omitted).

Despite the recommendations set forth in the Sentencing Guidelines, trial courts retain broad discretion in sentencing matters and may sentence a defendant outside of those Guidelines. "The only line that a sentence may not cross is the statutory maximum sentence." *Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118-19 (Pa. 2007) (citations and quotations omitted).

The sentencing court had the benefit of a PSI herein. In such cases, this Court has stated that "we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super. 2010).

In his appellate brief, although Appellant does not contest that his sentence falls within the statutory maximum under Pa.C.S.A. § 106(a)(5),

he avers the trial court "ignored all mitigating evidence, focus[ed] solely on punishment and retribution, and, relied on facts not of record" when sentencing him. Brief for Appellant at 9. In support of this contention, Appellant states the trial court highlighted factors that "are not atypical in firearms cases" and erroneously determined Appellant's behavior revealed a defiance of authority because he had been perusing the hallways of the housing development with a gun visibly displayed. *Id*. at 15-16. Appellant further faults the trial court for taking issue with several of the allegations set forth in his post-sentence motions and for stressing that trial courts are not required to blindly adhere to the Sentencing Guidelines *Id*. at 17-18. Appellant maintains the trial court's bias and "disproportionately high" sentence are grounds for reversal. *Id*. at 19-20. We disagree.

At the post-sentence motion hearing held on February 6, 2015, the trial court did express its frustration with allegations set forth in Appellant's motions for reconsideration of sentence. However, it specifically recognized those filings had been drafted by defense counsel and pointed to places in the transcripts which refuted them. N.T., 2/6/15, at 11. The trial court went on to reiterate its belief that in the instant matter, the aggravating factors surrounding Appellant's behavior on December 6, 2013, far outweighed any mitigating ones.

Appellant otherwise has failed to demonstrate that his sentence was manifestly excessive because the trial court failed to consider mitigating

factors. As discussed above, at sentencing, the trial court acknowledged having reviewed the PSI, considered Appellant's expression of remorse, entertained defense counsel's pleas for a mitigated sentence, and noted the presence of family in the courtroom. Nevertheless, the trial court noted Appellant's prior record of juvenile adjudications for crimes involving drugs. The court was particularly disturbed by the fact that Appellant had been on bail for a firearms offense when, while holding a firearm, he pushed aside a police officer attempting to apprehended him in the hallway of an apartment complex known for its drug activity and presence of weapons as passersby watched. It was for these reasons the trial court imposed the statutory maximum sentence. *See* Trial Court Opinion, filed 7/20/15 at 4-5. Appellant's contentions to the contrary, the trial court was mindful of Appellant's rehabilitative needs as is evinced in its provision that while on supervision, he will be subject to random urinalysis, attend anger management classes, receive job training, and enroll in an educational program. N.T., 1/13/15, at 15.

In light of the foregoing, we find the sentencing court did not abuse its discretion or enter a manifestly unreasonable sentence. *See Zeigler*, *supra* at 662 (holding sentence not manifestly unreasonable where sentencing court considered PSI, details of crime, and explained reasons for sentence); *see also Moury*, *supra* at 171. As Appellant's claim lacks merit, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/23/2016