J-S01011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MALIK CAMERON, | : | |
| | : | |
| Appellant | : | No. 2010 EDA 2014 |

Appeal from the Judgment of Sentence June 4, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s):  CP-51-CR-0002970-2013;
MC-51-CR-0001492-2013

BEFORE:  GANTMAN, P.J., MUNDY and MUSMANNO, JJ.

JUDGMENT ORDER BY MUSMANNO, J.:          **FILED MARCH 08, 2016**

Malik Cameron ("Cameron") appeals from the judgment of sentence entered following his conviction of aggravated assault, possession of an instrument of crime ("PIC"), and possession of a firearm by a prohibited person.  Counsel for Cameron has filed an appellate brief that includes the following statement:

> Counsel initially asserted four claims of error on appeal[,] but contends that particular attention must be focused on the issue presented in this brief under question "4" (regarding the [trial] court's alleged improper consideration of impermissible sentencing factors).  However, upon review of the [trial] court's [O]pinion and upon further review of the case law and the record, counsel has concluded that all questions present wholly meritless claims.  Accordingly, counsel has briefed all questions …. Counsel often refers to the [trial] court's Opinion (the Rule 1925(a) Opinion) which is accurate and dispositive of [Cameron's] claims and, therefore, files this **Anders**[1] brief on behalf of [Cameron's] claims and, therefore, files this **Anders** brief on behalf of [Cameron].

---
[1] **Anders v. California**, 386 U.S. 738 (1967).

Brief for Appellant at 8 n.1 (footnote added).

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). The procedural requirements for withdrawal require counsel to (1) petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; (2) provide a copy of the *Anders* brief to the defendant; and (3) inform the defendant that he has the right to retain private counsel or raise, *pro se*, additional arguments that the defendant deems worthy of the court's attention.[2] *Commonwealth v. Zeigler*, 112 A.3d 656, 659 (Pa. Super. 2015).

Our review of the record discloses that counsel has not filed with this Court a petition for leave to withdraw, and we find no notation on the docket of such a filing. The Reproduced Record includes a copy of a letter purportedly sent by counsel to Cameron advising him of counsel's belief that

---

[2] This Court's decision in *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005) and its progeny require that "[c]ounsel also must provide a copy of the *Anders* brief to his client." *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). The brief must be accompanied by a letter that advises the client of the option to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court['\]s attention in addition to the points raised by counsel in the *Anders* brief." *Id.*

the appeal is frivolous, and advising Cameron of his right to proceed *pro se* or to retain private counsel, and to raise any additional issues that Cameron deems worthy of the Court's attention. There is no petition to withdraw included in the Reproduced Record.

"Appellate courts may only consider facts which have been duly certified in the record on appeal. An item does not become part of the certified record by simply copying it and including it in the reproduced record." **Commonwealth v. Bracalielly**, 658 A.2d 755, 763 (Pa. 1995). As such, we cannot conclude that counsel has not complied with the appropriate procedure by which to withdraw from representation.

Accordingly, we hereby order counsel to file with this Court, within thirty days from the filing of this Order, a petition to withdraw from representation and the appropriate documentation evidencing counsel's compliance with **Millisock**. Panel jurisdiction is retained.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2016