J-S45036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY CRAIG BOWSER, | |
| Appellant | No. 1939 WDA 2015 |

Appeal from the PCRA Order November 10, 2015
in the Court of Common Pleas of Mercer County
Criminal Division at No.: CP-43-CR-0000317-2007
CP-43-CR-0001350-2007

BEFORE: OLSON, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                           **FILED JULY 26, 2016**

Appellant, Jeffrey Craig Bowser, appeals from the order dismissing his timely second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1] We affirm.

The PCRA court summarized the relevant facts and procedural history of this case as follows:

> After pleading guilty to a number of sex offenses, [Appellant] was sentenced on August 27, 2008[,] to an aggregate term of 47½ to 114 years of imprisonment by the [trial court]. [Appellant] then filed his first PCRA [petition], arguing that his sentence was illegal, and [the] [c]ourt appointed

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We have amended the caption to reflect that the PCRA court's order dated November 6, 2015, was filed on November 10, 2015.

PCRA counsel. PCRA counsel, the Commonwealth, and [the] [c]ourt all agreed that PCRA relief was warranted because former defense counsel, the Commonwealth, and [the trial court] relied on incorrect sentencing guidelines, which resulted in incorrect mandatory minimum sentences on some of the charges and an incorrect offense gravity score on at least one charge. [Appellant], the Commonwealth, and [the] [c]ourt agreed that the proper remedy was to vacate the prior sentence and to re-sentence [Appellant] on all counts.

[The] [c]ourt re-sentenced [Appellant] on April 18, 2013[,] to an aggregate term of 39½ to 84 years of imprisonment. Each of [Appellant's] individual sentences were within the standard guideline range, and were also above any of the applicable mandatory minimum sentence requirements. [The] [c]ourt did not explicitly sentence [Appellant] pursuant to any of the various mandatory minimum sentence provisions. At the time of re-sentencing, [Appellant] stated that being re-sentenced would resolve the issues of his PCRA.[2] Nonetheless, [Appellant] filed a motion to modify the sentence, which was denied by [the] [c]ourt. [Appellant] then filed an appeal to the Superior Court, which affirmed [the judgment of sentence]. [(**See Commonwealth v. Bowser**, 2014 WL 10964985, at *1 (Pa. Super. filed Apr. 25, 2014) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.]

On April 24, 2015, [Appellant] filed a second PCRA petition. [The] [c]ourt appointed counsel and a hearing was held on November 6, 2015. Prior to the hearing, PCRA counsel narrowed the issues down to three, the first two of which dealt with the circumstances regarding [Appellant's] guilty plea. The third issue was whether [Appellant's] sentence from April 18, 2013[,] was legal in light of the fact that he was sentenced subject to mandatory minimums that Pennsylvania appellate courts have since ruled are unconstitutional.[3] On November

---

[2] (**See** N.T. Resentencing Hearing, 4/18/13, at 3-4).

[3] **See Commonwealth v. Wolfe**, 106 A.3d 800 (Pa. Super. 2014), *affirmed*, 2016 WL 3388530, at *10 (Pa. filed June 20, 2016). There, the Superior Court held that 42 Pa.C.S.A. § 9718 (which provides for a
*(Footnote Continued Next Page)*

10, 2015, [the] [c]ourt issued an [o]rder denying the PCRA [petition.] . . .

(PCRA Court Opinion, 1/22/16, at 1-2) (citation formatting provided in footnotes). This timely appeal followed.[4]

Appellant raises the following issue for our review: "Whether the [t]rial [c]ourt erred in sentencing the Appellant to unconstitutional mandatory sentences?" (Appellant's Brief, at 4). He acknowledges that the court sentenced him "beyond the mandatory minimum," but nevertheless argues that he is entitled to resentencing because the court referred to the mandatory minimums as part of the sentence. (*Id.* at 8; *see id.* at 7 (citing *Wolfe* and *Alleyne*, *supra*)). This issue does not merit relief.

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

In *Alleyne*, issued on June 17, 2013, the United States Supreme Court held that any facts that increase mandatory minimum sentences must be submitted to jury and found beyond reasonable doubt. *See Alleyne*,

_(Footnote Continued)_ ───────────────

mandatory minimum sentence on specified sex crimes) was unconstitutional under the *Alleyne v. United States*, 133 S.Ct. 2151 (2013), framework.

[4] Pursuant to the PCRA court's order, Appellant filed a timely concise statement of errors complained of on appeal on December 21, 2015. The court entered an opinion on January 22, 2016. *See* Pa.R.A.P. 1925.

*supra* at 2155. "[A] challenge to a sentence premised upon *Alleyne* . . . implicates the legality of the sentence and cannot be waived on appeal." *Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015). "Such a claim may be raised on direct appeal, **or** in a **timely** filed PCRA petition." *Commonwealth v. Ruiz*, 131 A.3d 54, 60 (Pa. Super. 2015) (citations omitted; some emphasis original; some emphasis added). A petitioner in a case on timely collateral review is entitled to retroactive application of *Alleyne* where his "case was still pending on direct appeal when *Alleyne* was handed down[.]" *Id.* at 59-60 (citation and internal quotation mark omitted).

Here, Appellant's judgment of sentence became final on May 27, 2014,[5] when his time to file a petition for allowance of appeal with the Pennsylvania Supreme Court expired. *See* Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Thus, because his case was still pending on direct review when *Alleyne* was issued, he is entitled to its retroactive application, assuming the trial court applied the mandatory minimum sentence provisions relating to sex offenses. *See Ruiz*, *supra* at 59-60. This determination, however, does not end our inquiry.

Specifically, we agree with the PCRA court that *Alleyne* is utterly inapplicable to the instant case because the trial court **did not** sentence

_____

[5] May 25, 2014 fell on Sunday of Memorial Day weekend. *See* 1 Pa.C.S.A. § 1908.

- 4 -

Appellant pursuant to any mandatory minimum sentencing statute. (***See*** PCRA Ct. Op., at 4). The trial court, mindful of Appellant's extensive sexual abuse of his son and mentally handicapped daughter, beginning when they were ten years old, imposed a sentence above the mandatory minimum provisions, within the standard range of the sentencing guidelines. (***See id.***; ***see also*** N.T. Re-sentencing, at 30-34, 58, 68-69, 76, 79, 82-86; ***Bowser***, ***supra*** at *2, *4). Therefore, Appellant's argument based on ***Alleyne*** fails. ***See Commonwealth v. Zeigler***, 112 A.3d 656, 662 (Pa. Super. 2015) (stating that although mandatory minimum sentence provision exists for defendant's offense, sentencing court exceeded mandatory minimum sentence when it applied standard guideline range sentence; hence, court did not sentence defendant based on mandatory statute, and sentence not illegal on that ground). Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/26/2016