J-S12008-15

2015 PA Super 57

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EDWARD ZEIGLER, | |
| Appellant | No. 2248 EDA 2013 |

Appeal from the Judgment of Sentence May 2, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001450-2012

BEFORE:  BOWES, SHOGAN and FITZGERALD,* JJ.

OPINION BY BOWES, J.:                                    **FILED MARCH 20, 2015**

Edward Zeigler appeals from the judgment of sentence seven to fourteen years incarceration to be followed by ten years probation imposed by the trial court after he pled guilty to aggravated assault and persons not to possess a firearm.  Counsel has filed a petition to withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

We decline to permit counsel to withdraw at this stage and remand with directions to counsel to file either a merits brief or a supplemental **Anders** brief addressing whether Appellant's triggering New York robbery offense for the persons not to possess a firearm was a juvenile adjudication or a conviction.  **See Commonwealth v. Hale**, 85 A.3d 570 (Pa.Super. 2014), *allowance of appeal granted*, ___ A.3d ___ (Pa. 2014) (filed July 2,

_____
* Former Justice specially assigned to the Superior Court.

2014) (discussing grading of persons not to possess a firearm where prior offense was a juvenile adjudication).[1]

The trial court delineated the following facts underlying Appellant's entry of his guilty plea.

> On October 19, 2011, the complainant, Javier Cancel was sitting alone at the Cove bar, chatting with the bartender, and having a few beers. The Defendant and Ms. Ann Marie Thorsen, who were seated in a lounge area behind the barstools, were making a lot of noise and were goofing around. The Defendant came up numerous times to the bar to order drinks and had some words with Mr. Cancel. Video surveillance showed that the Defendant appeared to be bothering Mr. Cancel, leaning on him, putting his arm around him, and making comments. At one point, Mr. Cancel got up from his seat for a few moments during which time the Defendant sat down on Mr. Cancel's bar stool even though there were plenty of other bar stools available. When Mr. Cancel came back, he and the Defendant began to elbow each other and argue. The Defendant started swearing at Mr. Cancel and told him to come outside and fight. Mr. Cancel remained at the bar for a few moments, and the Defendant and a female companion went outside the bar. Mr. Cancel then did get up and leave to go outside to see what was going on; he was anticipating engaging in a fistfight with the Defendant. When Mr. Cancel got outside, the Defendant told the female to leave the area. He headed immediately toward Mr. Cancel and threw at least three punches. Mr. Cancel was able to duck and avoid those initial punches and then told the Defendant, ''What is that? All you've got?" At this time the Defendant, who was only five feet away, pulled a firearm from his front waistband area and held it with his arm directly outstretched at chest height and pointed it at Mr. Cancel. He fired at least three times. Mr. Cancel put his right forearm up to shield his face; one of the bullets entered his forearm. The Defendant then walked southbound on Richmond Street where Joseph Rayner saw a firearm in his hand.

---

[1] If Appellant's New York robbery offense was a juvenile adjudication, under current Pennsylvania law, his ten-year probationary sentence for the person not to possess a firearm would exceed the statutory maximum sentence allowable.

The Defendant then walked to his car which was parked on Melvale Street where he removed his jacket and most of his clothing and put the clothing inside his vehicle. The Defendant threw the gun (a .380 caliber firearm) in an empty lot nearby. Wearing only a black undershirt, he cut through an abandoned house and ran to Tilton Street. Police Officer McGuire, who was responding to the area, was traveling westbound on Tilton Street when he spotted the Defendant (who matched the flash information) hiding between two parked cars. Once Officer McGuire stopped his vehicle, the Defendant darted out and started running in the opposite direction. Officer McGuire pursued on foot and was able to catch the Defendant with the assistance of at least three other officers and adult male neighbors from the block.

Mr. Rayner identified the Defendant as the male he saw carrying the gun down Richmond Street, and Mr. Cancel identified the Defendant without any hesitation at the preliminary hearing. The three fired cartridge casings were examined, and it was determined that they were fired from the same gun, that being a .380 which was found in the nearby alley.

Trial Court Opinion, 1/28/14, at 1-2 n.1.

The Commonwealth initially charged Appellant with attempted murder, aggravated assault, persons not to possess a firearm, carrying an unlicensed firearm, carrying a firearm on the public streets of Philadelphia, terrorist threats, simple assault, and recklessly endangering another person. The persons not to possess a firearm charge arose because Appellant previously committed a first-degree robbery as a fifteen-year-old juvenile in New York. According to the representations of the Commonwealth in a motion to preclude bail, this resulted in a conviction and jail sentence, rather than an adjudication of delinquency.

Appellant entered an open guilty plea to the aggravated assault and person not to possess a firearm charges. The Commonwealth *nolle prossed* the remaining counts. The court sentenced Appellant on May 2, 2013, to the aforementioned period of incarceration on the aggravated assault charge and ten years probation for the firearms violation. Appellant filed a timely motion for reconsideration of his sentence, alleging that the court sentenced him in excess of a mandatory minimum. The trial court denied that motion on July 2, 2013.

This timely appeal ensued. The trial court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, raising three issues: (1) his plea was involuntary; (2) his sentence was excessive; and, (3) the court erred in denying his motion for reconsideration. The trial court authored its Pa.R.A.P. 1925(a) decision. Appellant's counsel now files a petition to withdraw and an accompanying **Anders** brief, contending that there are no non-frivolous issues to be reviewed.[2]

As we do not address the merits of issues raised on appeal without first reviewing a request to withdraw, we review counsel's petition to withdraw at the outset. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). The procedural requirements for withdrawal

---

[2] This Court remanded for the appointment of new counsel on July 22, 2014. The trial court appointed current counsel on July 24, 2014.

require counsel to: 1) petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the *Anders* brief to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se*, additional arguments that the defendant deems worthy of the court's attention. *Id*.

Counsel's petition to withdraw provides that he made a conscientious review of the record and concluded that there are no non-frivolous issues. Counsel notified Appellant that he was withdrawing and furnished Appellant with copies of both the petition to withdraw and *Anders* brief. Additionally, counsel informed Appellant of his right to retain new counsel or proceed *pro se* to raise any issues he believes this Court should consider. Thus, counsel has satisfied the procedural requirements of *Anders*.

Counsel having complied with the procedural dictates of *Anders*, we next consider whether counsel's *Anders* brief meets the substantive requirements of *Santiago*. Under *Santiago*, an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

- 5 -

Counsel provided the factual and procedural background of this case. He also discusses his reasons for determining that Appellant's appeal is frivolous, and provides legal authority as to why he has concluded that the appeal is wholly frivolous. Specifically, counsel has comprehensively outlined the governing law relative to guilty plea withdrawals and the voluntariness of a plea, as well as addressed Appellant's sentencing claim.

Accordingly, we proceed to the merits of this appeal and our own independent review of the entire record. *See Anders*, *supra* at 744 ("the court—not counsel—then proceeds, **after a full examination of all the proceedings, to decide whether the case** is wholly frivolous.") (emphasis added); *Commonwealth v. Goodwin*, 928 A.2d 287, 292-293 (Pa. Super. 2007) (*en banc*) (finding that *Anders* requires that this Court conduct an independent review of the record to discern if there are additional, nonfrivolous issues that counsel failed to address); *Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa. Super. 2014) ("We now must conduct an independent review of the record to determine whether the issues identified by Harden in this appeal are, as counsel claims, wholly frivolous, or if there are any other meritorious issues present in this case.").

Counsel begins by accurately noting that a guilty plea generally waives all defects and defenses unrelated to jurisdiction, the legality of the sentence, and the validity of the plea. *Commonwealth v. Main*, 6 A.3d 1026 (Pa.Super. 2010). He points out that every court of common pleas has

jurisdiction over matters arising out of the Pennsylvania Crimes Code. **Anders** brief at 9 (citing **Commonwealth v. Bethea**, 828 A.2d 1066 (Pa. 2003)).

Continuing, counsel discusses the law pertaining to whether a plea is involuntary. Counsel accurately recognizes that we consider the totality of the circumstances in ascertaining whether a plea was knowing, voluntary, and intelligent. **Id**. (citing **Commonwealth v. Flanagan**, 854 A.2d 489, 500 (Pa. 2004)). In addition, counsel has outlined the six areas of inquiry under Pa.R.Crim.P. 590 and discussed each of those factors. Those factors include:

> 1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere?*
>
> 2) Is there a factual basis for the plea?
>
> 3) Does the defendant understand that he or she has the right to a trial by jury?
>
> 4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> 5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?
>
> 6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

**Commonwealth v. Bedell**, 954 A.2d 1209, 1212 (Pa.Super. 2008).

Appellant acknowledged at his plea that he was aware of the elements of the crimes and the district attorney fully delineated the facts supporting

the plea. In addition, Appellant admitted that he understood that he had the right to a jury trial and the court undertook an extensive colloquy on his trial rights. The court informed Appellant that, if he elected to have a trial, he was presumed innocent and that the Commonwealth bore the burden of establishing his guilt beyond a reasonable doubt.

The court also queried Appellant regarding his understanding of his plea and explained that he was entering an open guilty plea with no sentencing agreement. Appellant also stated that no promises had been made to induce him to plead guilty. Further, the court explained the applicable range of sentences and fines for aggravated assault and persons not to possess a firearm. However, an issue has arisen as to whether the maximum sentence for the firearms charge was correctly set forth. Accordingly, we cannot yet conclusively state that Appellant's plea was intelligently entered and we address the grading of his firearms offense issue after discussing the second claim analyzed by counsel.

The second issue addressed by counsel pertains to the discretionary aspects of Appellant's sentence. To adequately preserve a discretionary sentencing claim, the defendant must present the issue in either a post-sentence motion, or raise the claim during the sentencing proceedings. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). In the non-*Anders* context, the defendant must "preserve the issue in a court-ordered Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P.

2119(f) statement." **Id**. Where counsel files an **Anders** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. **See Commonwealth v. Wilson**, 578 A.2d 523 (Pa.Super. 1990); **see also Commonwealth v. Lilley**, 978 A.2d 995 (Pa.Super. 2009). Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous.

We add that, "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." **Cartrette**, **supra** at 1042. "[A]n appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." **Id**. When considering the merits of a discretionary aspects of sentencing claim, we analyze the sentencing court's decision under an abuse of discretion standard. **Commonwealth v. Dodge**, 77 A.3d 1263, 1274 (Pa.Super. 2013). In conducting this review, we are guided by the statutory requirements of 42 Pa.C.S. § 9781(c) and (d). **Id**. Section 9781(c) provides that this Court shall vacate a sentence and remand under three circumstances:

> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

42 Pa.C.S. § 9781(c).  In addition, we consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

Appellant's position in his post-sentence motion was essentially that the aggravated assault sentence was excessive and that the court should have considered that his prior robbery occurred over fifteen years earlier when he was a juvenile.  In his 1925(b) statement, Appellant baldly averred that his sentence was excessive.  Generally, a bald excessiveness claim does not raise a substantial question.  **See Dodge**, **supra** (collecting and discussing nuances of excessiveness sentencing challenges).  However, an excessiveness claim in conjunction with an assertion that the court did not adequately consider a mitigating factor may present a substantial question. **Id**.

Counsel notes that the sentencing court provided its reasons for sentencing Appellant, and that, because the sentence fell within the standard sentencing guideline range, it was not excessive.  In this regard, the parties agreed that Appellant's prior record score under the sentencing

guidelines was a two. The offense gravity score for his aggravated assault was an eleven. Considering the deadly weapon used enhancement, 204 Pa. Code § 303.10(a)(2); 204 Pa. Code 303.17(b),[3] the standard guideline range was between five and one-half years to seven years incarceration. The court sentenced Appellant within the guideline range. We add that the trial court in this matter considered a pre-sentence report; therefore, it is presumed that the court adequately considered relevant mitigating and aggravating factors. ***Commonwealth v. Fowler***, 893 A.2d 758, 766 (Pa.Super. 2006).

Instantly, Appellant's sentence is not clearly unreasonable. Appellant fired a gun three times at an individual at relatively close range. The court considered a pre-sentence report and sentenced Appellant within the standard sentencing guideline range where a person uses a weapon during the commission of his crime. Moreover, the court explained its reasons for its sentence on the record. Thus, we agree that Appellant's excessive sentencing challenge is frivolous. For similar reasons, Appellant's position that the trial court erred in denying motion for reconsideration fails.

We add that we are aware that a mandatory minimum statute exists for Appellant's aggravated assault crime since he admitted to visibly

---

[3] The sentencing guidelines applicable to Appellant were those readopted and amended September 6, 2008, made applicable to offenses committed on or after December 5, 2008. ***See*** 38 Pa.B. 4971; 204 Pa. Code § 303.1 *et. seq*. The deadly weapon used enhancement matrix under the former guidelines was found under 204 Pa. Code § 303.18.

possessing a firearm during its commission. 42 Pa.C.S. § 9712. Based on decisions from this Court, imposing such a mandatory is illegal. *See Commonwealth v. Ferguson*, 2015 PA Super 1; *cf. Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*). However, the sentencing court exceeded the mandatory minimum sentence when it applied the standard guideline range sentence where a deadly weapon was used. Hence, the court did not sentence the defendant based on the mandatory statute, and his sentence is not illegal on that ground.

Nonetheless, as mentioned above, our independent review of the record has revealed a potential non-frivolous issue that relates to the legality of Appellant's persons not to possess a firearm sentence. At Appellant's guilty plea hearing the Commonwealth outlined the grounds for Appellant's person not to possess a firearm offense as follows.

> In this case, we're talking about the .380 caliber firearm on the date of this incident, and also that you had a prior felony conviction—and I'm talking about the robbery—that makes you ineligible to possess a firearm. And even if it was a juvenile adjudication, even if it was a juvenile case, because it was a felony of the first degree, that robbery, that means you can never have a gun again. So by having a gun when you had the juvenile case for the F1 robbery, that would be why we would be able to prove you guilty of the 6105.

N.T., 3/4/13, at 18.

At this point, Appellant indicated he was confused because, according to his attorney, that robbery offense had been expunged. The court provided that, as far as it knew, Appellant had a felony conviction. A

- 12 -

discussion was then held off the record between the prosecutor and counsel, followed by an off the record discussion between Appellant and his lawyer.

Here, the record also contains a Commonwealth motion that indicates that Appellant served jail time for the New York robbery, which would suggest he was convicted as an adult despite having been a juvenile. However, the guilty plea transcript is ambiguous as to whether Appellant was adjudicated delinquent of the New York felony robbery or convicted of that offense.[4] Pursuant to **Hale**, **supra**, an adjudication would reduce the grading of Appellant's offense and could result in his ten year probationary sentence being illegal. Accordingly, we direct counsel to file either a merits brief or a clarifying supplemental **Anders** brief with respect to this issue and any issue related thereto within forty-five days of the filing of this decision. The Commonwealth shall have thirty days from that filing to respond.

Case remanded. Jurisdiction retained.

---

[4] The certified record does not contain the confidential pre-sentence report considered by the trial court. Hence, we cannot glean from that document whether Appellant was convicted or adjudicated delinquent for the New York robbery. However, we do note that the parties agreed that Appellant's prior record score was a two, and a first-degree felony robbery adjudication or conviction is considered a four-point offense. 204 Pa. Code 303.7; 204 Pa.Code 303.15. Four-point juvenile offenses lapse if committed before the individual's fourteenth birthday. 204 Pa. Code 303.6. The lapse of the offense for purposes of the sentencing guidelines would not remove that charge from consideration with respect to the persons not to possess a firearm statute.

- 13 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/2015