J-S78025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRADLEY SMITH | |
| Appellant | No. 313 WDA 2016 |

Appeal from the PCRA Order January 8, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0015947-2010

BEFORE:  BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                          **FILED MARCH 08, 2017**

Bradley Smith appeals from the order entered in the Allegheny County Court of Common Pleas, dated January 8, 2016, dismissing his first petition filed under the Post-Conviction Relief Act ("PCRA").[1]  Smith seeks relief from the judgment of sentence imposed on March 28, 2012, following his convictions for voluntary manslaughter and firearms not to be carried without a license.[2]  On appeal, Smith claims the PCRA court erred in dismissing his petition without a hearing based on a layered claim of ineffective assistance of counsel.  Based on the following, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2503(b) and 6106.

The facts underlying Smith's conviction are well known to the parties, and were recounted in detail by this Court in the memorandum decision affirming Smith's judgment of sentence on direct appeal.[3] To briefly summarize, Smith and his co-defendant, Abraham Mitchell, engaged in a drug transaction with the victim, Duerryl Whitaker, that turned deadly. On January 11, 2011, Smith was charged with criminal homicide, robbery, conspiracy, and carrying a firearm without a license. As stated above, on December 19, 2011, at the conclusion of a five-day trial, a jury convicted Smith of voluntary manslaughter and carrying a firearm without a license, and acquitted him of the remaining charges.

Prior to sentencing, the Commonwealth provided notice of its intent to seek a five-year mandatory minimum sentence for a crime of violence committed with a firearm pursuant to 42 Pa.C.S. §9712.[4] However, at Smith's sentencing on March 28, 2012, the trial court imposed a sentence above the aggravated range of the sentencing guidelines. Specifically, the court sentenced Smith to a term of eight to 16 years' imprisonment for the manslaughter conviction and a consecutive term of two to four years'

_____

[3] **See Commonwealth v. Smith**, 102 A.3d 547 [67 WDA 2013] (Pa. Super. 2014) (unpublished memorandum at 1-3), *appeal denied*, 104 A.3d 4 (Pa. 2014).

[4] Section 9712 provides for a five-year mandatory minimum sentence when, *inter alia*, a defendant visibly possesses a firearm while committing an enumerated crime of violence. **See** 42 Pa.C.S. § 9712(a).

incarceration for the firearms offense. Smith filed a post-sentence motion, which was denied by operation of law on December 12, 2012.

On January 4, 2013, Smith then filed a direct appeal. In pertinent part, he alleged the trial court abused its discretion by imposing an excessive sentence outside the aggravated range without considering all statutorily required factors. We affirmed the judgment of sentence on April 29, 2014, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on November 18, 2014. **See supra,** n.3.

Subsequently, on October 7, 2015, Smith filed a timely *pro se* PCRA petition. Thereafter, PCRA counsel was appointed. However, on November 10, 2015, counsel filed a **Turner**/**Finley**[5] "no merit" letter and motion to withdraw as PCRA counsel, stating he could not find any issues of arguable merit. After reviewing the matter, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without first conducting an evidentiary hearing on December 4, 2015. Specifically, the court found there were no genuine issues of material fact, Smith was not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings. Additionally, the court granted counsel permission to withdraw. Smith did not file a response to the Rule 907 notice. On January

---

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

8, 2016, the PCRA court entered an order dismissing Smith's petition. This timely appeal followed.[6, 7]

In his sole argument on appeal, Smith claims the PCRA court erred in dismissing his petition without a hearing because:

> PCRA counsel was ineffective for failing to raise appella[te] counsel's failure to raise trial counsel's failure to object to the [c]onstitutionality of the mandatory minimum sentence that [Smith] received. Alternatively, [Smith] alleges PCRA counsel's ineffectiveness for failing to raise appellate counsel's ineffectiveness for failing to challenge the [c]onstitutionality of [Smith]'s mandatory minimum sentence.

Smith's Brief at 16. Specifically, Smith states he is serving a mandatory minimum sentence that is illegal pursuant to *Alleyne v. U.S.*, 133 S.Ct. 2151 (2013).[8] Smith's Brief at 19. Moreover, he contends:

---

[6] New counsel was appointed to represent Smith on appeal matters.

[7] The PCRA court did not order Smith to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[8] In *Alleyne*, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, *supra*, 133 S.Ct. at 2155. In interpreting that decision, the courts of this Commonwealth have determined that most of our mandatory minimum sentencing statutes, are unconstitutional because the language of those statutes "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence" standard. *Commonwealth v. Newman*, 99 A.3d 86, 98 (Pa. Super. 2014) (*en banc*) (invalidating 42 Pa.C.S. § 9712.1), *appeal denied*, 121 A.3d 496 (Pa. 2015). Further, our courts have held that the unconstitutional provisions of the mandatory minimum statutes are not severable from the statute as a whole. *Commonwealth v. Hopkins*, 117 A.3d 247, 262 (Pa. 2015); *Newman*, *supra*, 99 A.3d at 101.

The fact that [Smith]'s sentence exceeded the requested mandatory is of no moment when the mandatory sentence was sought by and was part of the sentence that [Smith] ultimately received. Because a challenge to the legality of a sentence can never be waived and because PCRA counsel was ineffective for failing to challenge the legality of [Smith]'s sentence the trial court erred [when] it dismissed [Smith]'s claim without an evidentiary hearing.

*Id.* at 21.

Our review of an order denying PCRA relief is well-established: "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Mitchell***, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Further, a PCRA court may dismiss a petition "without an evidentiary hearing if there are no genuine issues of material fact and the petitioner is not entitled to relief." ***Id.*** (citations omitted).

> "To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." ***Commonwealth v. Chmiel***, 612 Pa. 333, 30 A.3d 1111, 1127 (Pa. 2011). Where the petitioner "fails to plead or meet any elements of the above-cited test, his claim must fail." ***Commonwealth v. Burkett***, 2010 PA Super 182, 5 A.3d 1260, 1272 (Pa. Super. 2010).

***Commonwealth v. Stewart***, 84 A.3d 701, 706-707 (Pa. Super. 2013).

In addressing Smith's claim, the PCRA court found the following:

Here, the Commonwealth sought the mandatory minimum sentence of five years at 42 Pa.C.S. § 9712. However, the Trial Court sentenced [Smith] in the aggravated range of the

- 5 -

> guidelines to eight to [16] years, above the mandatory minimum sentence of five years, and thus his sentence is not illegal on ***Alleyne*** grounds because the Trial Court did not sentence [Smith] based on the mandatory minimum sentence. ***See Commonwealth v. Z[ei]gler***, 112 A.3d 656 (Pa. Super. 2015) (where defendant is sentenced above mandatory minimum by applying standard range sentence , then the trial court did not sentence based on mandatory statute and sentence is not illegal on that ground). Further, direct appeal counsel was not ineffective for failing to raise an ***Alleyne*** claim on appeal, given that ***Alleyne*** is not applicable to [Smith]'s sentence.

Notice of Intention to Dismiss Pursuant to Pa.R.Crim.P. 907, 12/4/2015, at unnumbered 1-2.

We agree with the PCRA court's well-reasoned analysis. As noted by the court, the blatant problem with Smith's argument is that the trial court did not impose a mandatory minimum sentence on Smith's manslaughter conviction. A review of the record reveals Smith had a prior record score of zero, with an offense gravity score of 11, and a deadly weapon "used" enhancement. Accordingly, the standard range for his manslaughter conviction was 54 to 72 months, the aggravated range was up to 84 months' imprisonment, and the statutory maximum for this first-degree felony offense is 20 years. ***See*** 18 Pa.C.S. § 1103(1). The trial court imposed a term of eight to 16 years' imprisonment for the manslaughter conviction and a consecutive term of two to four years' incarceration for the firearms offense. Because the court did not impose a Section 9712 mandatory minimum sentence, ***Alleyne*** was not implicated and Smith's sentence was not illegal on that ground. ***See Ziegler***, *supra*; ***see also Commonwealth***

*v. Buterbaugh*, 91 A.3d 1247, 1269 n.10 (Pa. Super. 2014) (noting that, because the trial court used the deadly weapon enhancement rather than the mandatory minimum sentence, *Alleyne* was not applicable). Therefore, counsel cannot be deemed ineffective for failing to raise a claim that has no arguable merit. *See Stewart*, *supra*. Accordingly, Smith is not entitled to relief on his sole claim, and we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2017