J-S34007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CRAIG WOODARD | |
| Appellant | No. 722 EDA 2016 |

Appeal from the PCRA Order February 26, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009209-2009

BEFORE: BOWES, SOLANO, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.: **FILED JUNE 13, 2017**

Craig Woodard appeals from the February 26, 2016 order denying PCRA relief. We affirm.

Appellant was convicted of attempted murder, aggravated assault, robbery, conspiracy to commit murder, possession of instruments of crime, and three violations of the Uniform Firearms Act ("VUFA"), and was sentenced to an aggregate term of thirty to sixty years imprisonment. The charges stemmed from the October 16, 2008 attack by Appellant, Eligah Hayes, and a third unidentified man, upon Vernon Kulb, III, as the victim was riding his bicycle away from a grocery store in Philadelphia. Appellant and Hayes approached Mr. Kulb on foot with guns drawn, and the third man was on a bicycle. Appellant struck Mr. Kulb in the head with his gun, threw

* Retired Senior Judge specially assigned to the Superior Court.

him to the ground, and sat on his back as he rummaged through his pockets while Hayes pointed a gun in the victim's face. Appellant then shot Mr. Kulb in the back, and the three men fled.

Police officers recovered firearms near the site of the shooting. Mr. Kulb identified Appellant and Hayes from separate photographic arrays. Appellant and co-defendant Hayes were tried together and convicted by a jury of all offenses except one VUFA. At a subsequent waiver trial, he was convicted of possession of a firearm by a prohibited person. Appellant was sentenced on July 30, 2010, to an aggregate sentence of thirty to sixty years imprisonment.

Appellant filed a timely post-sentence motion, which was denied on December 6, 2010. On appeal, judgment of sentence was affirmed. *Commonwealth v. Woodard*, 38 A.3d 921 (Pa.Super. 2011) (unpublished memorandum). His petition for allowance of appeal to the Pennsylvania Supreme Court was denied on May 23, 2012. *Commonwealth v. Woodard*, 46 A.3d 717 (Pa. May 23, 2012).

Appellant timely filed this, his first PCRA petition, on March 8, 2013. Counsel was appointed, an amended petition was filed, and relief was denied on February 26, 2016, without a hearing. On appeal from the denial of PCRA relief, Appellant presents one issue for our review:

1. Was trial and appellate counsel ineffective for failing to raise the issue of the sentence being illegal due to the Appellant's

being subject to a mandatory minimum sentence which was unconstitutional?

Appellant's brief at 8.

In reviewing the denial of PCRA relief, we are "limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Watley*, 153 A.3d 1034, 1039 (Pa.Super. 2016). We "will not disturb findings that are supported by the record." *Id*. at 1040. Where, as here, the allegation is one of trial counsel's ineffectiveness, the following principles inform our review. Counsel is presumed to be effective and in order to overcome that presumption, the petitioner must establish all of the following:

(1)   the underlying substantive claim has arguable merit;

(2)   counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and

(3)   the petitioner suffered prejudice as a result of counsel's deficient performance.

*Commonwealth v. Ligons*, 971 A.2d 1125, 1137 (Pa. 2009).

Appellant alleges that trial and appellate counsel were ineffective in failing to argue that his sentence was illegal under the U.S. Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 1 (2013), as applied to mandatory minimum sentences in Pennsylvania in *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015). *Alleyne* mandates that any fact that results in imposition of a mandatory minimum sentence is an element that

must be submitted to the jury and found beyond a reasonable doubt. In

***Hopkins***, the drug-free school zone statute, which provided for mandatory

minimum sentences based on facts that were not found by a jury, was held

to be unconstitutional under ***Alleyne***.

In essence, Appellant faults counsel for failing to anticipate the

Supreme Court's decision in ***Alleyne*** and challenge his sentence on that

ground. Although Appellant maintains that the statute under which he was

sentenced was held to be unconstitutional, he characterizes his issue as a

challenge to "counsel's ineffectiveness rather than the illegal sentence

itself."[1] Appellant's brief at 15. He asks us to vacate his sentence and

remand for a new sentencing.

The Commonwealth counters first that, at the July 30, 2010

sentencing, no mandatory minimum sentencing provisions were invoked. In

fact, the sentence imposed actually exceeded any potentially applicable

mandatory minimum. The Commonwealth relies upon our decision in

***Commonwealth v. Zeigler***, 112 A.3d 656, 662 (Pa.Super. 2015), for the

proposition that where a "sentencing court exceeded the mandatory

minimum sentence . . . the court did not sentence the defendant based on

the mandatory statute, and his sentence was not illegal on that ground.").

_____

[1] Moreover, although Appellant denies that he is challenging the legality of his sentence herein, he suggests that ***Alleyne*** might be made retroactive to timely first PCRA petitions.

Furthermore, the Commonwealth points out that, when Appellant was sentenced in 2010, mandatory minimum sentences associated with certain firearm-related offenses were upheld as constitutional. *See McMillan v. Pennsylvania*, 477 U.S. 79 (1986) (upholding constitutionality of 42 P.C.S. § 9712's five-year mandatory minimum for certain firearms offenses). Finally, the Commonwealth argues that counsel cannot be deemed ineffective for failing to anticipate a change in the law three years hence. *Commonwealth v. Bennett*, 57 A.3d 1185, 1201 (Pa. 2012) ("[C]ounsel will not be faulted for failing to predict change in the law."). Finally, the Commonwealth points out that *Alleyne* is not retroactive to cases such as this one where direct review was concluded prior to announcement of *Alleyne*, which overruled prior case law on the subject. *Commonwealth v. Washington*, 142 A.3d 810, 818 (Pa. 2016).

The PCRA court concluded that Appellant's claim lacked merit as he failed to identify the mandatory sentencing statute that was allegedly applied. Furthermore, the court stated that it did not consider or impose a mandatory minimum sentence. We agree. Thus, *Alleyne* is inapplicable in this PCRA proceeding.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/13/2017