J-S11036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEENAN BONDS, | : | |
| | : | |
| Appellant | : | No. 2388 EDA 2017 |

Appeal from the PCRA Order June 30, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014071-2011

BEFORE: OTT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MAY 29, 2018**

Keenan Bonds ("Bonds") appeals from the Order dismissing his first

Petition for relief filed pursuant to the Post Conviction Relief Act. *See* 42

Pa.C.S.A. §§ 9541-9546. We affirm.

In its Opinion, the PCRA court set forth the relevant facts as follows:

> On July 16, 2011, at approximately 8:20 [p.m.], [Philadelphia] Police Officer Angel Ortiz [("Officer Ortiz")] and [] Officer Milor Celce [("Officer Celce")] were on duty in a marked patrol car driving northbound in the area of 2200 North Broad Street in Philadelphia. The officers noticed [Bonds] and another man (later identified as Eugene Colts ("Colts")) standing outside a variety store. [Bonds] was urinating on the store's outer wall. Officer Celce pulled into a driveway adjacent to the store. As he was pulling over, he observed a large bulge shaped like a firearm in [Bonds's] right pants pocket. He told his partner what he had seen.
>
> While Officer Celce approached Colts, Officer Ortiz approached [Bonds] and told him not to reach for his pockets. [Bonds] ignored the command, continued to reach for his pockets, and began to walk away. Only after Officer Ortiz put his hands on [Bonds] and directed him to put his hands on the wall did [Bonds]

comply. Concerned with the gun-shaped bulge in [Bonds's] pocket, Officer Ortiz began to pat down [Bonds's] waistband area. [Bonds] again attempted to get away during the frisk. With Officer Celce's help, Officer Ortiz was able to handcuff [Bonds]. [Officer Ortiz] recovered a loaded .38 revolver from [Bonds's] right pocket. [Bonds] did not have a license for the firearm and was ineligible to carry a firearm.

PCRA Court Opinion, 9/6/17, at 1-2.

Following a bench trial, Bonds was convicted of persons not to possess firearms, firearms not to be carried without a license, and carrying firearms on public streets or public property in Philadelphia,[1] as well as a violation of the Philadelphia ordinance prohibiting public urination.[2] The trial court deferred sentencing and ordered a pre-sentence investigation report. The trial court subsequently sentenced Bonds to an aggregate term of 5 to 10 years in prison.

On February 5, 2013, Bonds filed a Motion for Reconsideration of Sentence. Following a hearing, the trial court granted Bonds's Motion, and re-sentenced him to an aggregate term of 4 to 10 years in prison. This Court affirmed Bonds's judgment of sentence on July 17, 2014. **See**

**Commonwealth v. Bonds**, 105 A.3d 794 (Pa. Super. 2014) (unpublished

---

[1] 18 Pa.C.S.A. §§ 6105, 6106, 6108.

[2] City of Philadelphia Ordinance § 10-609(2).

memorandum).[3]

Bonds, *pro se*, filed the instant timely Petition on October 14, 2014. The PCRA court appointed Bonds counsel, who filed an Amended PCRA Petition on his behalf. On May 17, 2017, the PCRA court issued Notice of its intention to dismiss Bonds's Petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court dismissed Bonds's Petition on June 30, 2017. Bonds filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Bonds raises the following questions for our review:

I. Whether the [PCRA] court erred in denying [Bonds's] PCRA [P]etition without an evidentiary hearing on the issues raised in the [A]mended PCRA [P]etition regarding [trial] counsel and/or appellate counsel's ineffectiveness[?]

II. Whether the [PCRA] court erred in not granting relief on the PCRA [P]etition alleging trial counsel and/or appellate counsel was ineffective[?]

Brief for Appellant at 8 (some capitalization omitted).

Our standard of review of a PCRA court's [dismissal] of a petition for post[-]conviction relief is well-settled: We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

---

[3] Relevantly, on appeal, Bonds challenged the weight of the evidence supporting his convictions, and the discretionary aspects of his sentence. This Court concluded that both of Bonds's claims were waived, as he had failed to challenge the weight of the evidence before the trial court, and had failed to include a Pa.R.A.P. 2119(f) Statement in his brief, respectively. **See Bonds**, 105 A.3d 794 (unpublished memorandum at 3-4).

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citation omitted).

We will address Bonds's claims together. In his first claim, Bonds argues that the PCRA court erred in dismissing his Petition without a hearing because he raised colorable claims regarding the ineffectiveness of his prior counsel. Brief for Appellant at 14-16. In his second claim, Bonds challenges the effectiveness of his trial and appellate counsel. *Id.* at 16-20.

The PCRA permits relief when a conviction is the result of "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

> It is well-settled that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

*Franklin*, 990 A.2d at 797 (citations omitted); *see also Commonwealth v. Charleston*, 94 A.3d 1012, 1019 (Pa. Super. 2014) (stating that "[a] defendant raising a claim of ineffective assistance of counsel is required to show actual prejudice; this is, that counsel's ineffectiveness was of such a magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings." (citations and some brackets omitted)). Additionally, "as to ineffectiveness claims in particular, if the record reflects that the underlying

issue of is no arguable merit or no prejudice resulted, no evidentiary hearing is required." ***Commonwealth v. Baumhammers***, 92 A.3d 708, 726-27 (Pa. 2014).

Bonds identifies three arguments regarding the effectiveness of his prior counsel, which we will address separately. In his first argument, Bonds claims that trial counsel was ineffective for failing to preserve a challenge to the weight of the evidence supporting his conviction in a post-sentence motion. Brief for Appellant at 15. Bonds argues that "[t]he evidence in this matter is entirely dependent on the testimony of the two police officer[]s involved in the incident." ***Id.***; ***see also id.*** at 17. Bonds also asserts that Officer Ortiz's testimony at trial directly contradicted his own testimony. ***Id.*** at 15, 17.

Here, Bonds has failed to show that his underlying claim, a challenge to the weight of the evidence, is of arguable merit. A successful challenge to the weight of the evidence would have required Bonds to establish that the evidence supporting his conviction was "so tenuous, vague and uncertain that the verdict shocks the conscience of the court." ***Commonwealth v. Smith***, 146 A.3d 257, 265 (Pa. Super. 2016) (citation omitted). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence …." ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013).

The PCRA court addressed Bonds's argument as follows:

> [Bonds] claimed counsel should have argued that the verdict was against the weight of the evidence because [Bonds's] testimony was more credible than Officer Ortiz's. This is not a

> proper ground for granting relief. A fact-finder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. To be entitled to a new trial, a defendant must have a stronger foundation than a reassessment of the credibility of witnesses. Instead, the trial court must determine whether, notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. Although [Bonds] may have considered his testimony "more believable" than the officers' testimony, the court did not. Trial counsel cannot be found ineffective for having failed to make such a baseless argument.

PCRA Court Opinion, 9/6/17, at 4-5 (citations and some quotation marks omitted); *see also Franklin*, 990 A.2d at 800 (stating that "counsel cannot be deemed ineffective for [] failing to raise a claim without merit"). Upon review, we agree with the trial court's determination that Bonds's underlying claim lacks arguable merit. Additionally, Bonds has not argued or established that there is a reasonable probability that the outcome of the proceedings would have been different if counsel had filed a post-sentence motion. *See Franklin*, 990 A.2d at 797; *see also Charleston, supra*. Therefore, we cannot conclude that trial counsel was ineffective for failing to preserve a challenge to the weight of the evidence.

In his second argument, Bonds contends that trial counsel was ineffective for failing to file a motion to suppress evidence seized at the time of his arrest. Brief for Appellant at 17; *see also id.* at 15. Bonds argues that the police officers "lacked reasonable suspicion to stop and frisk [Bonds] because the original confrontation was for public urination (a violation of city ordinance)." *Id.* at 17.

Here, in his one-paragraph discussion of his second argument, Bonds failed to cite to any relevant case law in support of his claims. **See** Pa.R.A.P. 2119(a) (requiring that each point in an argument contain "such discussion and citation of authorities as are deemed pertinent."); **see also Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."). Accordingly, Bonds's second argument is waived.[4]

In his third argument, Bonds claims that his direct appeal counsel was ineffective for failing to file a Pa.R.A.P. 2119(f) Statement in his appellate brief, thereby waiving his discretionary aspects of sentencing claim. Brief for Appellant at 15, 18-19. Bonds asserts that he raised a "colorable claim" that he received an excessive sentence, and counsel's failure to comply with Rule 2119(f) denied Bonds the opportunity to challenge the discretionary aspects

_____

[4] Even if Bonds had properly developed this argument, we would conclude that it is without merit, for the reasons set forth by the PCRA court in its Opinion. **See** PCRA Court Opinion, 9/6/17, at 5-6.

of his sentence on appeal. *Id.* at 19-20.[5]

Here, beyond a bald assertion that his sentence was "unreasonable and excessive," Bonds has failed to explain why he believes the trial court abused its discretion in imposing its sentence. *See Commonwealth v. Robinson*, 931 A.2d 15, 26 (Pa. Super. 2007) (stating that "a sentence will not be disturbed on appeal absent a manifest abuse of discretion."); *see also Commonwealth v. Zeigler*, 112 A.3d 656, 662 (Pa. Super. 2015) (stating that "a bald excessiveness claim does not raise a substantial question.").

Additionally, the PCRA court addressed Bonds's third argument as follows:

> [T]he court acted well within its discretion when it sentenced [Bonds] within the guidelines to a mitigated term of incarceration on each of the three firearms charges and ordered that all terms of incarceration run concurrent to one another. The court imposed no further penalty as to [Bonds's] public urination. The court also accounted for [Bonds's] rehabilitative needs and any mitigating circumstances set forth in his presentence report. *See Commonwealth v. Fullin*, 892 A.2d 843, 849-50 (Pa. Super. 2006) ("Where the sentencing judge had the benefit of a presentence report, it will be presumed that [she] was aware of relevant information regarding appellant's character and weighed

---

[5] We observe that Bonds did not present this argument in his *pro se* PCRA Petition, his counseled Amended PCRA Petition, or his Concise Statement. *See Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011) (stating that generally, "issues not raised in a Rule 1925(b) statement will be deemed waived for review."). Instead, the third argument identified in the Amended PCRA Petition and Concise Statement simply states that "[a]ppellate counsel was ineffective in representation[.]" Amended PCRA Petition, 8/30/16, at 3; *see also* Concise Statement, 8/11/17, at 1. However, Bonds raised his third argument in his Brief in Support of Amended PCRA Petition, and the PCRA court considered the merits of his claim in its Opinion. Thus, we decline to deem this argument waived.

those considerations along with the statutory mitigating factors.") (internal quotation omitted). Finally, the court considered [Bonds's] familial support, the Commonwealth's sentencing memorandum, arguments by counsel, and [Bonds's] allocution. Therefore, even if counsel had included a Rule 2119(f) statement in his appellate brief, [Bonds's] underlying claim would have failed to raise a substantial question and would have been unsuccessful on appeal. The court did not abuse its discretion in dismissing [Bonds's] PCRA [P]etition where he did not demonstrate that he was prejudiced by counsel's failure to preserve the sentencing claim.

PCRA Court Opinion, 9/6/17, at 7. We agree with the PCRA court's determination that Bonds has not established that he was prejudiced by his direct appeal counsel's failure to include a Rule 2119(f) statement in his brief.

Because the record reflects that Bonds's arguments lack arguable merit, and Bonds failed to establish that he suffered actual prejudice, we conclude that the PCRA court did not err in dismissing Bonds's Petition without a hearing. ***See Baumhammers, supra***. We therefore affirm the PCRA court's Order dismissing Bonds's Petition.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/29/18

- 9 -