J-S58007-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN WHITTINGTON | : | |
| | : | |
| Appellant | : | No. 1643 WDA 2017 |

Appeal from the PCRA Order October 12, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000986-2007

BEFORE: OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.: FILED OCTOBER 15, 2018

Appellant, Ryan Whittington, appeals from the October 12, 2017 order denying his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

This Court previously set forth the factual background of this case as follows:

> [O]n October 17, 2006, Damien Graves was visiting the home of his girlfriend, [P.M.] . . . where she resided with her two minor children. At approximately 9:00 p.m., co-defendant Taneesha Middleton knocked on the apartment door and asked to borrow Graves' [cellular telephone]. Middleton used the [cellular telephone] to place a [tele]phone call in the hallway, after which, she returned the [tele]phone to Graves and left. Approximately five minutes later, Middleton returned and again requested to use Graves' [cellular telephone]. At that time, two armed men, one of whom was masked, burst into the apartment. The masked man was subsequently identified as [Appellant]; the other as Steven Ashby.

The two men instructed Graves to lie down and demanded money. Ashby then instructed [Appellant] to retrieve [P.M.] from the bathroom, and subsequently ordered her to remove her clothes. While [P.M.] removed her clothing, Ashby and [Appellant] took turns pistol whipping Graves in the face and head with their weapons, as a result of which Graves suffered lacerations to his head and jaw.

After [P.M.] had stripped naked, [Appellant] retrieved her minor children from the rear bedroom. Ashby proceeded to put a gun to the head of one child and threatened to kill him if more money was not turned over. Frustrated that no additional money was found, [Appellant] removed his mask and demanded that Graves call someone to bring more money or else everyone would be killed. Although Graves complied and called his brother to bring over extra money for [Appellant] and Ashby, Graves' brother never arrived. While they waited, Ashby and [Appellant] took turns sexually assaulting [P.M.] in the bedroom.

[P.M.] eventually escaped from the apartment through an open window, whereupon Ashby and [Appellant] fled the premises. Approximately two weeks later, [P.M.] and Graves went to the police to report the robbery. While at the police station, Graves identified [Appellant], Ashby, and Middleton as the individuals involved in the burglary through a photo array.

Commonwealth v. Whittington, 996 A.2d 559 (Pa. Super. 2010) (unpublished memorandum), at 1-3, appeal denied, 17 A.3d 1254 (Pa. 2011).

On June 30, 2008, Appellant was convicted of five counts of simple assault,[1] two counts of robbery,[2] two counts of making terroristic threats,[3]

_____

[1] 18 Pa.C.S.A. § 2702(a)(1), (a)(3).

[2] 18 Pa.C.S.A. § 3701.

[3] 18 Pa.C.S.A. § 2706(a)(1).

two counts of recklessly endangering another person,[4] burglary,[5] aggravated assault,[6] and conspiracy.[7] On September 23, 2008, the trial court sentenced appellant to an aggregate term of 20½ to 44 years' imprisonment. This Court vacated the judgment of sentence and remanded for re-sentencing. See generally id.

On July 6, 2011, the trial court re-sentenced Appellant to 20½ to 44 years' imprisonment. This Court affirmed that judgment of sentence and our Supreme Court denied allowance of appeal. Commonwealth v. Whittington, 64 A.3d 9 (Pa. Super. 2012) (unpublished memorandum), appeal denied, 69 A.3d 602 (Pa. 2013).

On January 15, 2015, the PCRA court docketed Appellant's pro se PCRA petition.[8] Counsel was appointed and filed an amended petition. On October

_____

[4] 18 Pa.C.S.A. § 2705.

[5] 18 Pa.C.S.A. § 3502.

[6] 18 Pa.C.S.A. § 2702(a)(1) and (a)(4).

[7] 18 Pa.C.S.A. § 903.

[8] Appellant's judgment of sentence became final on January 13, 2014. Thus, he had until January 13, 2015, to file a timely PCRA petition. We believe that the petition was placed in the stream of prison mail on or before January 13, 2015. Accordingly, we conclude that under the prisoner mailbox rule, Appellant's petition was timely and the PCRA court had jurisdiction to reach the merits of the petition.

12, 2017, after two hearings were conducted, the PCRA court denied the petition. This timely appeal followed.[9]

Appellant presents one issue for our review:

> Whether the trial court erred in sentencing Appellant under an illegal sentencing scheme following Alleyne v. United States, [570 U.S. 99] (2013)[?]

Appellant's Brief at 4.

Appellant contends that he received an illegal sentence that violated Alleyne. "When reviewing the legality of a sentence, our standard of review is de novo and our scope of review is plenary." Commonwealth v. Seskey, 170 A.3d 1105, 1107 (Pa. Super. 2017) (citation omitted).

Appellant argues that the trial court imposed mandatory minimum sentences pursuant to 42 Pa.C.S.A. § 9712. This Court has held that mandatory minimum sentences imposed under section 9712 are illegal in light of Alleyne. Commonwealth v. Valentine, 101 A.3d 801, 812 (Pa. Super. 2014), appeal denied, 124 A.3d 309 (Pa. 2015). Hence, if Appellant were sentenced under section 9712, he received an illegal sentence.

Our review of the record, however, indicates that the trial court did not re-sentence Appellant pursuant to section 9712. Under section 9712(a),

---

[9] On November 14, 2017, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). See Pa.R.A.P. 1925(b). On February 20, 2018, Appellant filed his concise statement. On March 14, 2018, the PCRA court issued its Rule 1925(a) opinion. Appellant's lone issue was included in his concise statement.

- 4 -

Appellant was subject to a five-year mandatory minimum sentence for each robbery conviction. Moreover, under section 9712(b), the Commonwealth was required to provide notice of its intent to invoke the mandatory minimum prior to sentencing. The Commonwealth provided that notice prior to the original sentencing hearing. The trial court and counsel discussed the mandatory minimums at the original sentencing hearing. See N.T., 9/23/08, at 4.

The Commonwealth did not file notice of its intent to invoke the mandatory minimum sentences prior to re-sentencing and the mandatory minimums were never discussed at the re-sentencing hearing. See generally N.T., 7/6/11. Moreover, the trial court did not re-sentence Appellant to the mandatory minimums, i.e., five to ten years' imprisonment at each robbery count. Instead, the trial court sentenced Appellant to 7 to 15 years' imprisonment at each robbery count. This indicates that the trial court did not impose the mandatory minimum sentences but instead carefully considered the statutory sentencing factors and concluded that a sentence of 7 to 15 years' imprisonment for each robbery conviction was appropriate. Finally, in its Rule 1925(a) opinion the PCRA court states that it did not impose the mandatory minimum sentences. See PCRA Court Opinion, 3/14/18, at 3. Instead, the PCRA court states that it sentenced Appellant to a period of incarceration within the standard range of the guidelines. See id. Combined, these facts show that the trial court did not impose an illegal sentence and the

PCRA court properly denied relief. See Commonwealth v. Zeigler, 112 A.3d 656, 662 (Pa. Super. 2015) ("[T]he sentencing court exceeded the mandatory minimum sentence when it applied the standard guideline range sentence where a deadly weapon was used. Hence, the court did not sentence the defendant based on the mandatory statute, and his sentence is not illegal.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2018