J-S35006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROSS BUSHYAGER | : | |
| | : | |
| Appellant | : | No. 611 MDA 2023 |

Appeal from the Judgment of Sentence Entered March 13, 2023
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0001944-2022

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    **NOVEMBER 13, 2023**

Ross Bushyager appeals the discretionary aspects of the judgment of sentence he received after pleading guilty to aggravated assault. Bushyager does not challenge the standard-range term of imprisonment imposed by the sentencing court. Rather, Bushyager only challenges the sentencing court's requirement that he submit to a mental health evaluation and follow treatment recommendations. We affirm the judgment of sentence.

As Bushyager's sole challenge on appeal goes to the discretionary aspects of his sentence, only a brief recitation of the factual and procedural history of the case is necessary. Bushyager pleaded guilty to aggravated

_____

[*] Retired Senior Judge assigned to the Superior Court.

assault after striking his neighbor with a piece of concrete pushed from his window and then hitting that neighbor with a brick.

A pre-sentence investigation ("PSI") report was completed, which contained Bushyager's mental health history, and which Bushyager concedes he reviewed prior to sentencing. ***See*** Appellant's Brief at 10. The court sentenced Bushyager to a term of imprisonment of 22 months to five years. The sentence also included a condition that Bushyager submit to a mental health evaluation and follow all treatment recommendations.

Counsel filed a post-sentence motion, challenging the court's discretion in requiring Bushyager to undergo a mental health evaluation and follow treatment recommendations. The court denied the motion, and Bushyager filed a notice of appeal. He renews his claim on appeal that the court abused its discretion by including the mental health condition in his sentence.

We note at the outset that Bushyager is not entitled to review of his claim challenging the discretionary aspect of his sentencing. ***See Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013). To the contrary, this Court will only review a discretionary sentencing claim if the appellant shows he filed a timely notice of appeal, properly preserved his claim at sentencing or in a post-sentence motion, included a statement pursuant to Pa.R.A.P. 2119(f) in his brief, and raised a substantial question that his sentence is not appropriate under the Sentencing Code. ***See id***.

Bushyager met the first three requirements here, though we find he has not clearly raised a substantial question. A substantial question is one where the appellant advances a colorable argument that the sentencing court's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *See id.*

As we assess whether an appellant has raised a substantial question on a case-by-case basis, *see id.*, we must look to the specific claim Bushyager raises here. Essentially, Bushyager asserts the sentencing court erred by requiring him to undergo a mental health evaluation as the record did not support a conclusion that such an evaluation was reasonably related to his rehabilitative needs. *See* Appellant's Brief at 18. This Court has held, however, that a claim that the sentencing court did not properly consider a defendant's rehabilitative needs, standing alone, does not raise a substantial question. *See Griffin,* 65 A.3d at 936-937.

Even if we were to find Bushyager raised a substantial question for our review, we would find no merit to his claim that the trial court abused its discretion in sentencing him.

This Court will not disturb a sentence unless we find the sentencing court committed a manifest abuse of discretion. *See Commonwealth v. Lekka*, 210 A.3d 343, 350 (Pa. Super. 2019). In reviewing a record to determine whether the sentencing court abused its discretion, the Sentencing Code

directs this Court to consider the nature and circumstances of the crime; the history and characteristics of the defendant; the sentencing court's findings and the court's opportunity to observe the defendant; and the sentencing guidelines. *See* 42 Pa. C.S.A. § 9781(d).

The Sentencing Code also instructs sentencing courts to consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa. C.S.A. § 9721(b). The balancing of these sentencing factors is solely within the province of the sentencing court. *See Lekka*, 210 A.3d at 353.

Here, Bushyager claims the sentencing court abused its discretion by sentencing him to undergo a mental health evaluation and any recommended treatment because, according to Bushyager, there was no record evidence to support that sentencing condition. In rejecting this claim, the sentencing court first noted that "when a court considers the [PSI] report for sentencing purposes, it is presumed to have properly considered all relevant aggravating and mitigating factors." Trial Court Opinion, 6/9/2023, at 3 (*citing* ***Commonwealth v. Zeigler***, 112 A.3d 656, 662 (Pa. Super. 2015). It then stated:

> Because [Bushyager's] PSI indicated that he suffered from Depression, Mood Disorder, [Bipolar] Disorder, Anxiety Disorder, and Schizophrenia, none of which were being treated, this court ordered [Bushyager] to submit to a mental health examination and follow all treatment recommendations. Given [these] facts of

record, [Bushyager's] sentence is appropriate, and there was no abuse of discretion.

Trial Court Opinion, 6/9/2023, at 3-4.

We note that Bushyager did not include his PSI in the certified record, as was his burden. **See Griffin**, 65 A.3d at 936 (stating it "is the responsibility of an appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty"). However, Bushyager does not dispute that the PSI contained his mental health history or that he reviewed the PSI and in fact, Bushyager attached a copy of the PSI to his brief. The PSI explicitly lists his mental health history and his five diagnoses, with "not currently taking medication" reported under each diagnosis.

Given this record, Bushyager has failed to establish that the trial court abused its discretion by ordering Bushyager to undergo a mental health evaluation and follow any recommended treatment as part of his sentence.

Judgment of sentence affirmed.

Judge Colins joins the memorandum.

Judge McLaughlin concurs in the result.


Judgment Entered.



Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/13/2023