J-S69001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JULIAN BRYANT | |
| Appellant | No. 995 WDA 2016 |

Appeal from the PCRA Order April 25, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0010073-2011

BEFORE:  BOWES, RANSOM, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 16, 2017**

Julian Bryant appeals *pro* se from the April 25, 2016 order denying him PCRA relief.  We affirm.

Appellant was convicted by a jury of attempted murder and two counts of aggravated assault based upon the following events:

> On the afternoon of June 18, 2011, the defendant, Julian Bryant, fired six shots, wounding Kareem "Moose" Howard. The victim, Mr. Howard, sustained three gunshot wounds to his buttocks, one to his arm, one to his hip, and one to his ear. The incident occurred at approximately 1:20 p.m. near the intersection of Frankstown Avenue and North Homewood in the City of Pittsburgh, Allegheny County, Pennsylvania.
>
> [Appellant] had known Mr. Howard for approximately five years. The two were good friends. Mr. Howard referred to [Appellant] as "Juls" or "bro.;" Mr. Howard was involved with [Appellant's] sister, Lateesha Bryant, and is the father of two of her children.

---

* Former Justice specially assigned to the Superior Court.

On the day of the incident, Mr. Howard testified that [Appellant] crossed the street to approach him and appeared "raged." [Appellant] then opened fire on him at a distance of "not quite" 20 feet after Mr. Howard had pulled a gun on Ms. Bryant during a dispute over the custody of their children.

Witness John Turner, the owner of a barbershop near the incident, heard a number of shots fired and then saw Mr. Howard, whom he knew, laying on the ground. Mr. Howard was shot four (4) times, falling to the ground, and in attempting to escape, was shot another two times while crawling away. Fired at point blank range, one shot came close to Mr. Howard's head, breaking an earring that he was wearing and damaging the ear. While crawling away, Mr. Howard picked up a Smith and Wesson 9mm semi-automatic pistol and returned fire in the direction of the fleeing [Appellant]. As a result of the incident, Mr. Howard was hospitalized for about eleven days, spending the first four in a coma. Among other injuries, he sustained a fractured pelvis, severe damage to the nerves of his right leg, and had to undergo three surgeries.

While en route to the scene of the incident, Detective Robert Shaw testified that at approximately 2:24 p.m. he received a report that a man had been hospitalized with a gunshot wound to the leg. The man in the hospital was [Appellant]; the 9mm bullet in his leg matched the Smith and Wesson pistol allegedly used by Mr. Howard upon returning fire.

Trial Court Opinion, 12/2/13, at 2-3 (footnote and record citations omitted).

On October 29, 2012, Appellant was sentenced to twenty to forty years imprisonment, and, on appeal, we affirmed. *Commonwealth v. Bryant*, 106 A.3d 159 (Pa.Super. 2014) (unpublished memorandum). Appellant filed a timely PCRA petition, counsel was appointed, and counsel moved to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988). The PCRA court issued notice of its intent to dismiss the PCRA petition

without a hearing, allowed counsel to withdraw, and denied PCRA relief. This appeal followed. Appellant raises two averments in one paragraph: "Did the courts Err when they invoked the mandatory minimum? Was the petitioner sentenced illegally due to the Mandatory Minimum? Should the Petitioner have been sentenced with a deadly weapon enhancement, when the petitioner was found not guilty of possessing or using the deadly weapon he was charged with?" Appellant's brief at 2.

Initially, we observe, "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." *Commonwealth v. Whitehawk*, 146 A.3d 266, 269 (Pa.Super. 2016). Appellant's statement of questions involved raises two positions: first, that he was illegally sentenced to a mandatory minimum sentence; and, second, the trial court should not have used the deadly weapon matrix of the sentencing guidelines since Appellant was found not guilty of possession of the gun that he used to shoot the victim.

Appellant's first allegation is premised on the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). In *Alleyne*, the Court held that, under the Sixth Amendment's right to a jury trial, facts that invoke the application of a mandatory minimum sentence must be submitted to a jury and found beyond a reasonable doubt. However, *Alleyne* is not retroactive and cannot be applied in this PCRA

setting.  ***Commonwealth v. Washington***, 142 A.3d 810, 811 (Pa. 2016) (holding that ***Alleyne*** does not apply retroactively "to attacks upon mandatory minimum sentences advanced on collateral review"). Additionally, as the PCRA court delineated clearly in its opinion and as the record confirmed, while the Commonwealth invoked a mandatory minimum sentence, such a sentence was not actually imposed.  The sentencing court imposed a standard range guideline sentence under the deadly weapon enhancement matrix of the sentencing guidelines.  Thus, ***Alleyne*** was not violated herein.  ***Commonwealth v. Ziegler***, 112 A.3d 656 (Pa.Super. 2015) (where mandatory minimum sentencing statute was invoked but defendant was sentenced to a higher term of imprisonment under guidelines involving use of deadly weapon, the sentence was not based upon the unconstitutional mandatory minimum sentencing statute and the sentence was not illegal).

Appellant's second position is that, given that he was acquitted of possession of a firearm, the deadly weapon matrix of the guidelines should not have been used.  This issue is not preserved for appeal as it was never raised in the PCRA petition or at any point in the PCRA proceedings. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  <u>11/16/2017</u>