J-S82043-17

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| CAMEO WITHERSPOON A/K/A AKI WITHERSPOON A/K/A CAMEO BLOW, | : | |
| Appellant | : | No. 1266 WDA 2017 |

Appeal from the PCRA Order September 1, 2017
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006392-2011
CP-02-CR-0011704-2013

BEFORE:   BENDER, P.J.E., STEVENS, P.J.E.,* and STRASSBURGER,** JJ.

MEMORANDUM BY STRASSBURGER, J.:        FILED FEBRUARY 14, 2018

Cameo Witherspoon a/k/a Aki Witherspoon a/k/a Cameo Blow (Appellant) appeals from the September 1, 2017 order which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Also before us is a petition to withdraw filed by Appellant's counsel and a no-merit brief pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc). We grant counsel's petition and affirm.

Appellant was convicted of robbery, criminal conspiracy, and illegal possession of a firearm, and was sentenced on August 29, 2013. Although the Commonwealth never filed a notice of intent to seek a mandatory minimum sentence, his counsel indicated at the sentencing hearing that "the

_____

* Former Justice specially assigned to the Superior Court.
** Retired Senior Judge assigned to the Superior Court.

mandatory five- to ten-year sentence applies" to Appellant's robbery conviction.  N.T., 8/29/2013, at 2.  The Commonwealth, however, noted that five years was below the mitigated range according to the guidelines.  Id. at 5.  Given Appellant's prior record score of RFEL (repeat felony offender), and an offense gravity score of ten, a minimum of 90 to 120 months of incarceration constituted a standard-range sentence for the robbery conviction.  The Commonwealth asked for a sentence of "at least eight to 16" years.  Id. at 6.

The trial court ultimately imposed a standard-range sentence of 7½ to 15 years of incarceration on the robbery conviction, followed by concurrent five-year terms of probation on the other convictions.  This Court affirmed Appellant's judgment of sentence on October 26, 2015.  Commonwealth v. Witherspoon, 134 A.3d 107 (Pa. Super. 2015) (unpublished memorandum).  Appellant did not seek review by our Supreme Court.

On November 25, 2016, Appellant timely filed pro se a PCRA petition.  Counsel was appointed and an amended petition was filed claiming that 42 Pa.C.S. § 9712, the mandatory minimum sentence applicable to Appellant's robbery conviction, was unconstitutional under Alleyne v. United States, 133 S.Ct. 2151 (2013) (holding that a fact which triggers the imposition of a mandatory minimum sentence is an element of the crime and must, therefore, be determined beyond a reasonable doubt by the trier of fact).  Amended PCRA Petition, 4/19/2017, at ¶¶ 27-32.  After a hearing, the PCRA court

denied the petition, and Appellant timely filed the instant appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

In this Court, Appellant's counsel filed a petition to withdraw and a Turner/Finley brief raising one issue that Appellant wants this Court to review. Before we may address the potential merit of the claim, we must determine if counsel has complied with the technical requirements of Turner and Finley.

> … Turner/Finley counsel must review the case zealously. Turner/Finley counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of Turner/Finley, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper Turner/Finley request or an advocate's brief.
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of Turner/Finley, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

Commonwealth v. Wrecks, 931 A.2d 717, 721 (Pa. Super. 2007) (citations

omitted).

We are satisfied that counsel has complied with the technical

requirements of Turner and Finley. Therefore, we will consider the

substantive issue contained in counsel's brief based upon the following

standard.

> Our standard of review of the denial of a PCRA petition is limited to examining whether the record supports the court's determination and whether the court's decision is free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings.

Commonwealth v. Rivera-Figueroa, 174 A.3d 674, 677 (Pa. Super. 2017)

(citations omitted).

Appellant wishes this Court to consider the following issue.

> Whether the judgment of sentence [for the robbery conviction] is unconstitutional—under Article I, Section 9 of the Pennsylvania Constitution and/or, as construed by Alleyne [], the Sixth and Fourteenth Amendments to the United States Constitution—where the 5-year mandatory minimum sentence provision of 42 Pa.C.S. § 9712(a) regarding certain offenses committed with a firearm was based on the fact of possession of a firearm which was not an element of the offense of robbery and said statute required said fact to be determined by the court and not a jury?

Turner/Finley Brief at 2 (unnecessary capitalization omitted).

As noted by counsel in the amended PCRA petition, at the PCRA hearing,

and in his brief to this Court,[1] this Court's decision in Commonwealth v.

---

[1] Turner/Finley Brief at 6; N.T., 9/1/2017, at 3; Amended PCRA Petition, 4/19/2017, at ¶ 33.

Zeigler, 112 A.3d 656 (Pa. Super. 2015), controls our determination.  In that case, this Court, after addressing the issues raised by Zeigler on appeal, sua sponte considered whether the Alleyne decision afforded relief.

> We … are aware that a mandatory minimum statute exists for [Zeigler's] aggravated assault crime since he admitted to visibly possessing a firearm during its commission.  Based on decisions from this Court, imposing such a mandatory is illegal.  However, the sentencing court exceeded the mandatory minimum sentence when it applied the standard guideline range sentence where a deadly weapon was used.  Hence, the court did not sentence the defendant based on the mandatory statute, and his sentence is not illegal on that ground.

Commonwealth v. Zeigler, 112 A.3d 656, 662 (Pa. Super. 2015).

As discussed above, although there was a statute that required a mandatory minimum sentence of five years at the time Appellant was sentenced, the Commonwealth did not request its application, and the trial court did not impose a five-year minimum.  Instead, it imposed a standard-range minimum sentence of 7½ years.

At the PCRA hearing, the court further confirmed the lack of impact the mandatory minimum sentence had on its decision:

> The mandatory sentence in [Appellant's] case was below the mitigated range.  In imposing the standard range sentence, I don't have to give a reason because I'm imposing a standard range sentence.  That's what I did, the bottom line of the standard range.  I didn't make it the top end of the standard range which would really make it the bottom end of the aggravated range but I gave him the bottom of the standard range sentence.  There was no impact on that sentence which in any way could be attributed to a claim that there was a mandatory minimum sentence.  As a matter of fact, I didn't consider the fact that there was a mandatory sentence.  I looked at the guidelines, looked at the

presentence report, knew the facts of the case, and gave him the appropriate sentence which had nothing to do with any mandatory.

N.T., 9/13/2017, at 4-5.

Upon application of the above principles to our independent review of the record, we agree with counsel that the claim Appellant wishes to pursue is without merit.[2] Accordingly, we grant counsel's petition to withdraw and affirm the order denying Appellant's PCRA petition.

Petition to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2018

---

[2] Counsel indicated that Appellant's continuing pursuit of his claim in the face of contrary precedent is based upon his desire "to seek review in the Pennsylvania Supreme Court to challenge the validity of such controlling caselaw and the viability of an Alleyne claim under such circumstances." Amended PCRA Petition, 4/19/2017, at ¶ 33. Appellant now may attempt to seek that relief from our Supreme Court pro se.

- 6 -