J-S83018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRANCE WILSON | : | |
| | : | |
| Appellant | : | No. 1106 EDA 2017 |

Appeal from the PCRA Order March 24, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014373-2011

BEFORE: GANTMAN, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY OLSON, J.:                **FILED FEBRUARY 20, 2018**

Appellant, Terrance Wilson, appeals from the order entered on March 24, 2017, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We briefly summarize the facts and procedural history of this case as follows. On March 2, 2011, police attempted to stop a driver of an SUV who they witnessed driving at a high rate of speed, narrowly missing a pedestrian and an officer on Green Lane in Philadelphia, Pennsylvania. The SUV ultimately stopped at a dead end in an apartment complex. Appellant, the passenger, exited the SUV and fled to the rear of the apartment complex. Police pursued Appellant on foot and witnessed him discard two objects. After Appellant's arrest, police recovered the two items, clear plastic bags, which contained 50 individual packets of crack cocaine weighing a total of 21

grams. Police also recovered $61.00 in cash from Appellant's person in a search incident to his arrest.

On June 28, 2012, a jury convicted Appellant of possession with intent to deliver a controlled substance (PWID), 35 P.S. § 780-113(a)(30). On October 4, 2012, the trial court sentenced Appellant to 10 to 20 years of incarceration. We affirmed Appellant's judgment of sentence on May 28, 2014. *See Commonwealth v. Wilson*, 104 A.3d 60 (Pa. Super. 2014) (unpublished memorandum). Appellant did not appeal that determination.

On July 14, 2014, Appellant filed a *pro se* PCRA petition. He filed an amended *pro se* PCRA petition on December 1, 2014. The PCRA court appointed PCRA counsel, who filed an amended PCRA petition on November 17, 2015. The Commonwealth filed a motion to dismiss, almost a year later, on November 14, 2016. On January 13, 2017, the PCRA court sent Appellant notice of its intent to dismiss the amended, counseled PCRA petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907. On March 24, 2017, the PCRA court entered an order dismissing the PCRA petition. This timely appeal resulted.[1]

On appeal, Appellant presents the following issue for our review:

---

[1] Appellant filed a notice of appeal on March 30, 2017. On March 31, 2017, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on April 13, 2017. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on May 16, 2017.

> 1. Should PCRA relief be granted where [Appellant] was subject to an illegal sentence and where counsel failed to raise the issue at trial or on direct appeal?

Appellant's Brief at 8.

Appellant claims that trial counsel was ineffective for failing to challenge the imposition of an unconstitutional mandatory minimum sentence,[2] which constitutes an illegal sentence. *Id.* at 11-17. Appellant stresses that he is "challenging [trial] counsel's ineffectiveness[,] rather than the illegal sentence itself." *Id.* at 14.

Our standard of review is as follows:

> We review the denial of a PCRA [p]etition to determine whether the record supports the PCRA court's findings and whether its [o]rder is otherwise free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.
>
> * * *
>
> In analyzing claims of ineffective assistance of counsel, we presume that trial counsel was effective unless the PCRA petitioner proves otherwise. In order to succeed on a claim of ineffective assistance of counsel, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. Where the underlying claim lacks arguable

_____

[2] In his appellate brief, Appellant does not identify the mandatory minimum sentencing provision implicated in this matter. Upon review of the certified record, however, the Commonwealth averred that Appellant was subject to a mandatory minimum sentence of five to 10 years of incarceration based upon the weight of the narcotics recovered under 18 Pa.C.S.A. § 7508. *See* Trial Court Opinion, 9/17/2013, at 11.

merit, counsel cannot be deemed ineffective for failing to raise it. Appellant bears the burden of proving each of these elements, and his failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016) (internal citations, quotations, and original brackets omitted).

Here, the PCRA court concluded:

[Appellant] received a sentence of ten to twenty years of incarceration for his PWID conviction. As explained in its [o]pinon on direct appeal, the trial court's sentence was above both the mandatory minimum and the sentencing guidelines due to, *inter alia*, the short time frames between [Appellant's] eight prior PWID convictions, the substantial rehabilitative needs of [Appellant], and the protection of the public based upon the nature and gravity of the offense. Thus, the trial court imposed a non-mandatory sentence that was not based upon a mandatory minimum statute that our appellate courts have deemed void by *Alleyne* [*v. United States*, 133 S.Ct. 2151 (2013)]. The PCRA [c]ourt also notes that the Superior Court affirmed the trial court's discretionary aspects of the non-mandatory sentence [on Appellant's] direct appeal.

In sum, the PCRA court determined that [Appellant's] PCRA claims were patently frivolous and without support in the record. Moreover, there were no genuine issues of fact that would have required an evidentiary hearing. Thus, the PCRA court's findings are adequately supported by the record and free of legal error; as such, this [C]ourt should affirm the PCRA court's dismissal of [Appellant's] amended petition for relief under the PCRA.

PCRA Court Opinion, 5/16/2017, at 2 (record and case citations omitted).

Upon review, we agree with the PCRA court that dismissal of Appellant's collateral claims was supported by the record and free of legal error. On direct appeal, we noted that the trial court acknowledged "that the applicable [s]entencing [g]uideline recommendation was twenty-seven to thirty-six months' of incarceration, plus or minus nine months for the

aggravated and mitigated ranges, and the mandatory minimum sentence was five years' incarceration." **See Wilson**, 104 A.3d 60 (unpublished memorandum) at *21 (record citations omitted). We further noted that "[w]hile the sentence imposed by the court was greater than the mandatory minimum and the [s]entencing [g]uidelines recommendation, under the circumstances of this case, that sentence was reasonable." **Id.**, *citing* 42 Pa.C.S.A. § 9781(c)(3). We noted that "the trial court was informed by a [pre-sentence investigation] report, the [s]entencing [g]uidelines, the mandatory minimum, sentence and Appellant's in-court sentencing statement, and that it comprehensively set forth its reasons for the sentence." **Id.** We concluded that the trial court did not abuse its discretion in sentencing Appellant, a career drug dealer, to a ten to twenty year statutory maximum sentence. **Id.**, *citing* **Commonwealth v. Lewis**, 45 A.3d 405, 411-413 (Pa. Super. 2012) (affirming statutory maximum sentence of not less than ten nor more than twenty years' incarceration for Lewis' PWID conviction where it was his sixth PWID conviction and he sold drugs since he was seventeen years old). We have previously determined that when a trial court imposes a sentence that exceeds the statutory mandatory minimum sentence, the court did not apply the mandatory

minimum sentence, and the sentence is legal. *See Commonwealth v. Zeigler*, 112 A.3d 656, 662 (Pa. Super. 2015).[3]

Here, Appellant received a sentence twice the length of the mandatory minimum sentence suggested. More importantly, the statutory maximum sentence imposed here did not turn on a fact (*i.e.*, the weight of the narcotics recovered) as decided by a judge at sentencing and not a jury at trial, deemed unconstitutional by *Alleyne*. The sentencing determination at issue here turned exclusively on Appellant's clear recidivist criminal history, which is not forbidden by *Alleyne* or its progeny. Thus, Appellant did not receive a mandatory minimum sentence and his sentence is legal. As such, there is no arguable merit to Appellant's claim that trial counsel was ineffective for failing to challenge the imposition of an unconstitutional

_____

[3]  More specifically, in *Zeigler*, we concluded:

> [W]e are aware that a mandatory minimum statute exists for [Zeigler's] aggravated assault crime since he admitted to visibly possessing a firearm during its commission. 42 Pa.C.S. § 9712. Based on decisions from this Court, imposing such a mandatory is illegal. *See Commonwealth v. Ferguson,* 2015 PA Super 1, 107 A.3d 206; *cf. Commonwealth v. Newman,* 99 A.3d 86 (Pa. Super. 2014) (*en banc*). However, the sentencing court exceeded the mandatory minimum sentence when it applied the standard guideline range sentence where a deadly weapon was used. Hence, the court did not sentence the defendant based on the mandatory statute, and his sentence is not illegal on that ground.

*Commonwealth v. Zeigler*, 112 A.3d 656, 662 (Pa. Super. 2015).

mandatory minimum sentence. Hence, the PCRA court did not abuse its discretion or err as a matter of law in dismissing Appellant's PCRA petition.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *2/20/2018*